CHARLES SEXTON AND CHRISTINE SEXTON, PLAINTIFFS-PROSECUTORS, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Argued January 16, 1940—Decided February 20, 1940.

Before Justices BODINE and PERSKIE.

For the prosecutors, *Barney B. Brown* (*Carl Kisselman,* of counsel).

For the respondent, *Starr, Summerill & Lloyd* (*Alfred E. Driscoll,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a negligence case. The injured plaintiff was a tenant in defendant's apartment house. While walking on the linoleum covered common hallway from her own apartment to that of a neighbor on the same floor, she slipped and.fell sustaining the injuries for which she sued in her own right, her husband joining his action for damages *per quod.* The cause was tried at the Camden Circuit, and was submitted to the jury at the conclusion of the plaintiffs' case, the defense offering no evidence. The defendant's motions to nonsuit and to direct a verdict on the grounds that

there was no proof of any negligence on its part and that plaintiff was guilty of contributory negligence, were denied. The jury returned a verdict of no cause for action, and the trial judge denied the plaintiffs' application for a rule to show cause why the verdict should not be set aside and a new trial granted. The same application is now made to this court (see Supreme Court rule 123) and we, too, think that it should be denied.

The uncontradicted evidence was that plaintiff had slipped on the wet liquid wax which had been placed on the floor in question by defendant's agent approximately five minutes prior to the accident. The wax had not dried at the time of plaintiff's fall. There was also evidence, likewise uncontradicted, that plaintiff had not been warned concerning the condition of the floor.

Conceding that there was no proof of negligence as to the kind of material used, or as to the character or manner in which it was used or applied (see *Abt* v. *Leeds & Lippincott Co.,* 109 *N. J. L.* 311; 162 *Atl. Rep.* 525, and cases therein cited; *Moore* v. *People's Palace,* 13 *N. J. Mis. R.* 336; 178 *Atl. Rep.* 191, and *Cf. Abramson* v. *W. T. Grant Co.,* 12 *N. J. Mis. R.* 192; 170 *Atl. Rep.* 815), the question as to whether, under the proofs, defendant was otherwise negligent and as to whether plaintiffs were guilty of contributory negligence, were properly submitted to the jury. We think it was open to the jury to find, as it apparently did find, that plaintiffs had failed to establish actionable negligence on the part of the defendant. For, the determination as to whether reasonable care, under all the circumstances in a given case, was or was not exercised is a conclusion which must be based upon facts properly proved and upon all the proper inferences which may be drawn therefrom. Fair minded men, however, may, and often do, honestly differ in reaching such a conclusion notwithstanding the fact that the proofs in support of their conclusion are uncontradicted or uncontroverted. *Cf. Lipschitz* v. *New York and New Jersey Produce Corp.,* 111 *N. J. L.* 392; 168 *Atl. Rep.* 390; *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374.

Accordingly the application is denied, with costs.