ERNESTINE M. ABT, PLAINTIFF-APPELLANT, v. LEEDS
   & LIPPINCOTT COMPANY, A CORPORATION, DEFEND-
   ANT-RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

For the plaintiff-appellant, *Rossbach & Crummy* (*A. J.
Rossbach,* of counsel).

For the defendant-respondent, *Heine & Laird* (*John A.
Laird* and *Charles J. Molloy,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff-appellant, Ernestine M.
Abt, a guest at a hotel of the defendant, slipped while de-
scending the stairs leading from the second floor to the
main lobby. She brought this action to recover for in-
juries suffered in the fall. At the conclusion of the plain-
tiff's case the trial judge granted a nonsuit, and from the
judgment entered thereon the plaintiff appeals.

We think the nonsuit was right.

In respect to stairways designed for the use of guests, the
duty of the hotel-keeper is to use reasonable care to keep
such stairways safe for such use.

The contention of the plaintiff was and is that the defendant negligently maintained the stairs in a dangerous condition. But we think that the proofs fail to disclose that the defendant failed in the performance of the duty of reasonable care.

Considering the evidence in the light most favorable to the plaintiff, as we must do in determining the propriety of the nonsuit, it was in substance that the wooden stairs, upon which the plaintiff slipped and fell as she was descending were waxed, highly polished and very slippery. That was the full extent of the proof as to the condition of the stairway, and it was insufficient to justify an inference of negligence upon the part of the defendant. There was no evidence—not even the slightest—tending to show that the stairs were improperly constructed, nor out of repair, nor that the waxing or polishing was improper or had been done in any improper manner, nor that the stairs had been left in any different condition than is usual in waxed and polished floors or stairs. And as a matter of fact the plaintiff herself testified that the stairs in question were finished in the same way as the floors in the hospital in her home town where she was employed as a trained nurse when on duty.

The conclusion which we have reached seems to be in accord with the weight of authority in this and other jurisdictions. In *Garland* v. *Furst Store,* 93 *N. J. L.* 127, plaintiff slipped on a tile floor. There was testimony that the floor was "very slippery" and in this respect that case is similar to the case at bar. The court held that a nonsuit should have been allowed. In *Walker* v. *F. & W. Grand, &c., Stores,* 5 *N. J. Mis. R.* 541; 137 *Atl. Rep.* 563; *affirmed,* 104 *N. J. L.* 450; 140 *Atl. Rep.* 922, the plaintiff fell while descending a stairway the edge of each step of which was encased in a brass metal nosing which had become worn by use. It was inferable that the plaintiff had slipped on one of these worn metal nosings. The appellate court, however, sustained a nonsuit.

In other states recovery has been denied in somewhat similar instances. Thus in *Spickernagle* v. *Woolworth,* 236 *Penn.*

496; 84 *Atl. Rep.* 909, the court said in effect that a customer who slipped on an oiled floor in a store could not recover for resulting injuries where she does not show that the substance used thereon was unusual or improper, or that it was oiled in an improper manner, or that the floor was in other condition than would have resulted from proper oiling. The case of *Kipp* v. *F. W. Woolworth Co.,* 150 *App. Div.* 283, is to the same effect (appeal dismissed in 206 *N. Y.* 628). Again in *Mona* v. *Erion,* 223 *App. Div.* 526, the court pointed out that the fact that defendant from time to time oiled the floor is not, of itself, proof of negligence and in no manner supplies the deficiency in the plaintiff's proof. And again in *Dimarco* v. *Cupp Grocery Co.,* 88 *Penn. Super. Ct.* 449, the court said that it was not negligence *per se* to have an oiled floor in a store or to apply an oil dressing to a floor if it were done in a proper manner.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.