CHARLOTTE J. LINDERS AND FREDERICK W. LINDERS, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. JOSEPH BILDNER, DAVID BILDNER, AND MORRIS BILDNER, TRADING AS BILDNER BROTHERS AND AS KING'S FOOD MARKET, DEFENDANTS-APPELLANTS.

Argued October 6, 1942—Decided December 10, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the defendants-appellants, *Harvey G. Stevenson.*

For the plaintiffs-respondents, *Joseph J. Corn.*

The opinion of the court was delivered by

BODINE, J. The defendants appeal from a judgment in favor of the plaintiffs. Mrs. Linders on June 5th, 1941, visited the defendants' store. She slipped and fell and suffered injuries for which the jury awarded damages to her and to her husband.

A nonsuit should have been granted. The testimony was that the floor of the store was oily; also that there was a pea shell on the floor by a vegetable counter. Assuming that one or both of such substances was the proximate cause of the plaintiff's injuries, negligence was not proved. If the pea shell was the cause of the fall, there was no proof that the proprietor of the store had notice thereof, or that it had been there so long that by the exercise of reasonable care it should have been discovered and removed. *Bader* v. *Great Atlantic and Pacific Tea Co.,* 112 *N. J. L.* 241; *Coyne* v. *Mutual Grocery Co.,* 116 *Id.* 36. If the oily condition of the floor alone, or in addition to the pea shell, was the cause of the injury there was no proof of negligence. Wooden

floors are usually treated with oil or wax or varnish. There was no proof that the oiling was improperly or negligently done. Proof that the floor was oiled and was slippery did not establish negligence. *Abt* v. *Leeds & Lippincott Co.,* 109 *Id.* 311; *Berardo* v. *Ambrozy,* 128 *Id.* 295.

A storekeeper is not an insurer of the safety of his patrons, although he is liable for injuries caused by his negligence. It is usual, as the proofs on defendants' case show, to oil floors. Apparently the floor had been treated in the usual manner and a long time before the accident.

The judgment is reversed, with costs.