ESSIE MONDRUS, Respondent, v. SALT HAVEN CORPORATION, Appellant, et al., Defendants.— This is an action for specific performance of a contract to convey real property owned by appellant corporation, and the plaintiff joins as a party defendant a lawyer named Charles W. Philipbar. The claim is that the contract sought to be specifically performed was signed by the lawyer as the attorney and agent for the corporation. The corporation now seeks to repudiate the contract by reason of section 259 of the Real Property Law which provides, briefly, that such a contract is void unless subscribed by the party to be charged or by his lawful agent thereunto authorized by writing. Order denying the appellant corporation's motion for summary judgment dismissing the complaint modified on the law, by striking from the ordering paragraph the word "denied" and substituting therefor the word "granted", and by adding a further ordering paragraph granting the plaintiff's motion for leave to serve an amended complaint containing the proposed second and third causes of action. As thus modified, the order is affirmed, without costs, the amended complaint to be served within twenty days after the entry of an order hereon. We are of opinion that the plaintiff has not negatived the appellant's showing that its lawyer was not authorized by writing to enter into a contract to convey the property in question. (Real Property Law, § 259.) The Special Term, having denied the appellant's motion, granted the plaintiff's motion to serve an amended complaint, but that provision was not carried into the order. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [See *post*, p. 1046.]

MARIE NELSON et al., Respondents, v. SALEM DANISH LUTHERAN CHURCH, Appellant.— Action by plaintiff wife to recover damages for personal injuries. Companion action by plaintiff husband for expenses and loss of services. Judgment for plaintiffs reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. Plaintiffs did not establish actionable negligence. The fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of negligent application of wax or polish, does not give rise to a cause of action. (*Kline* v. *Abraham*, 178 N. Y. 377, 380; *Abbott* v. *Richmond County Country Club*, 211 App. Div. 231, affd. 240 N. Y. 693.) In the cases upon which plaintiffs rely there was proof of the presence of ridges of soft wax, skid marks or lumps of wax. There is no such proof here. On the contrary, the proof is that there were no marks on the floor at the place where the plaintiff wife claims she fell and that many others had been using the floor from the time it was refinished, on Friday evening, until the following Monday, when the accident occurred. It further appears that the waxing was done in a competent workmanlike manner, and the condition was not of an unusual or dangerous character. Lewis, P. J., Carswell, Johnston, Adel and Aldrich, JJ., concur.