323 P.2d 282

Pauline KITTS and Willard F. Kitts, Plaintiffs-Appellants,

v.

SHOP RITE FOODS, Inc., a New Mexico Corporation, Defendants-Appellees.

No. 6281.

Supreme Court of New Mexico.

March 20, 1958.

Willard F. Kitts, James T. Paulantis, Albuquerque, for appellants.

Gilbert, White & Gilbert, Santa Fe, for appellees.

LUJAN, Chief Justice.

This was an action in the district court of Santa Fe County, instituted by plain-

tiffs-appellants against defendant-appellee. Pauline Kitts seeks to recover damages for personal injuries sustained when she slipped and fell in one of defendant's food markets. Her husband, Willard Kitts, seeks to recover damages for loss of consortium and for medical and hospital expenses occasioned by the injuries which Pauline Kitts suffered. Plaintiff alleges that she slipped and fell by reason of the slick, unsafe and dangerous condition of the floor in defendant's store. At the close of plaintiffs' case, on motion made by defendant, the trial court directed a verdict in favor of defendant.

The floor in question was made of concrete and had been washed and waxed some two weeks prior to the accident. The aisles had probably been swept in the intervening two weeks. There was uncontradicted testimony that the floor was traversed by some one thousand persons daily. There was no evidence that a foreign substance, such as grease or oil, was on the floor when and where plaintiff fell. Nor was there any evidence that there were any skid marks at this spot. No evidence was introduced that anyone else had fallen in the store.

Plaintiff testified that the condition of the floor where she fell was "terribly slick and slippery". She also testified that shortly after the accident, which occurred about 11 o'clock a.m., the store's assistant manager, Mr. Richardson, stated that he had just examined the place where plaintiff had slipped and that it was "slick as ice". Mr. Richardson, called as an adverse witness by the plaintiff, testified that he made no such statement and that he did not examine the spot where plaintiff had fallen until that afternoon.

Plaintiff did not notice the condition of the floor in other parts of the store as compared with the spot where she fell. The floor at the place of the fall was examined shortly after the accident by several of the store employees and they testified that the place was no different or unusual than any other part of the floor.

■ ■ It is necessary at this point to answer defendant's contention that the assistant manager's alleged declaration that the place where plaintiff fell was "slick as ice" is not substantive evidence that the facts described are true. As defendant points out, plaintiff's testimony concerning the statement by the assistant manager was hearsay and was not competent as an admission of the defendant-principal. The rule regarding representative admissions is that testimony as to an agent's purported statements used to prove the facts asserted therein is limited to statements concerning matters upon which the agent is authorized to speak. Restatement, Agency §§ 286, 288. There is no evidence in this case that the assistant manager had the re-

quired "speaking authority". Seal v. Safeway Stores, 48 N.M. 200, 147 P.2d 359. See McMurdo v. Southern Union Gas Co., 56 N.M. 672, 248 P.2d 668. When the manager of the store was in town, as he was at the time of the accident in question, Mr. Richardson was "just a stocker".

Nor could testimony as to the statement come in as an exception to the hearsay rule as part of the *res gestae*. The assistant manager was not even present in the store at the time of the accident.

■■ Since testimony as to the statement could not come in as an admission, upon proper objection the testimony would not have been received as substantive evidence. It would have been received only for the limited purpose of impeaching the credibility of the assistant manager, and, upon request the defendant would have been entitled to an instruction to that effect. Since no objection was made to plaintiff's testimony as to the statement, this hearsay evidence did come in as substantive evidence even though it could not be treated as an admission of the defendant-principal. The statement, as testified to by the plaintiff, was entitled to the same treatment as would be testimony by the plaintiff, received without objection, that a third party had stated the floor was slick as ice. In this jurisdiction hearsay evidence received without objection is to be consid-

ered in the same manner as other relevant evidence and has sufficient probative worth to support a finding or verdict. State v. Trujillo, 60 N.M. 277, 291 P.2d 315; Ferret v. Ferret, 55 N.M. 565, 237 P.2d 594; Chiordi v. Jernigan, 46 N.M. 396, 129 P. 2d 640.

■■ Considering the evidence in the light most favorable to the plaintiff, as we must do in determining the propriety of the directed verdict, it must be taken as proved that the floor at the place where plaintiff fell was very slippery. The sole question to be answered then is whether plaintiff, by proving only that the floor was very slippery at the place where she fell, made out a prima facie case which should have been submitted to the jury. We think not.

■■ We are not prepared to say that proof of a slippery spot on a floor, standing alone, will support an inference that it resulted from the proprietor's negligence. De Baca v. Kahn, 49 N.M. 225, 161 P.2d 630. It must be borne in mind that the doctrine of *res ipsa loquitur* does not apply in slip and fall cases. Persons frequently sustain falls where and when others do not. There is a total absence of any evidence in this case as to how or by whom the slippery spot was created. No evidence was introduced tending to show that the defendant was negligent in the treatment

of the floor or that the type of polish used was improper or was used in excessive amounts. The creation of a slippery condition by the defendant is not a reasonable inference from the whole of the evidence. A slippery condition may arise temporarily in any store though the proprietor has exercised due care. See Mona v. Erion, 223 App.Div. 526, 228 N.Y.S. 533.

■ ■ We are also unable to find any evidence in the record from which it may fairly be inferred that the defendant had, or should have had, knowledge of the slippery condition of the floor. De Baca v. Kahn, supra. The plaintiffs are entitled to have inferences drawn in their favor, but they must be reasonably based on other facts established in evidence and not based merely on conjecture or on other inferences. Caldwell v. Johnsen, 63 N. M. 179, 315 P.2d 524. Proof of a slippery spot on a floor, without more, is not sufficient to give rise to an inference that the proprietor had knowledge of the condition.

In the case of Barrans v. Hogan, 62 N. M. 79, 304 P.2d 880, 881, we stated as follows:

"This court has taken the position that the proprietor of a place of business to which any and all members of the public are invited is not a guarantor of the safety of those who enter such place of business. It is the established holding in this court that, in order to render the proprietor of a place of business liable in damages to another for injuries sustained in that place of business, he must be guilty of negligence; and that such negligence must consist of the maintenance of a dangerous condition in or about the place of business and of knowledge on the part of the proprietor of the existence of the dangerous condition, or there must be evidence giving rise to inferences which charge the proprietor with knowledge."

The New Jersey case of Abt v. Leeds & Lippincott Co., 109 N.J.L. 311, 162 A. 525, is squarely in point here. The plaintiff brought an action against the proprietor of a hotel to recover for personal injuries sustained when she slipped and fell on the stairs of defendant's hotel. The court held that a nonsuit at the close of the plaintiff's case was proper where the only proof was that the stairs were waxed, highly polished and *very slippery*, without any evidence that the stairs were improperly constructed or out of repair, or that the waxing or polishing was improper or had been done in an improper manner. Garland v. Furst Store, 93 N.J.L. 127, 107 A. 38, 5 A.L.R. 275; Barnes v. Hotel O. Henry Corporation, 229 N.C. 730, 51 S.E. 2d 180; Linders v. Bildner, 129 N.J.L. 246, 29 A.2d 182.

The New York court stated as follows in the case of Nelson v. Salem Danish Lutheran Church, 270 App.Div. 1030, 63 N.Y.S.2d 145; 296 N.Y. 870, 72 N.E.2d 608:

"Plaintiffs did not establish actionable negligence. The fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of negligent application of wax or polish, does not give rise to a cause of action (citations). In the cases upon which plaintiffs rely there was proof of the presence of ridges of soft wax, skid marks, or lumps of wax. There is no such proof here. On the contrary the proof is that there were no marks on the floor at the place where the plaintiff wife claims she fell and that many others had been using the floor from the time it was refinished, on Friday evening, until the following Monday, when the accident occurred."

The evidence adduced, when considered in the light most favorable to the plaintiff, was insufficient to justify its submission to the jury, and the defendant's motion for a directed verdict was properly sustained.

The judgment must be affirmed.
It is so ordered.

McGHEE and COMPTON, JJ., and GARNETT BURKS, District Judge, concur.

KIKER, J., not participating.