Richard S. Heller, J.
Claimant was an invited guest in the Lincoln Bath House operated by the defendant. She had paid a fee for the purpose of taking a mineral bath on July 12, 1957, and prior to leaving the building she was involved in an accident which she claims was caused by the negligence of the defendant.
On the day in question claimant had been assigned a dressing room and had been given a sheet and a pair of slippers as suitable garb to go from the dressing room to the bathroom and then to the resting room.
Claimant had received her bath and rest and was about to leave the resting room for her dressing room. • As she proceeded down an aisle toward the corridor leading to her dressing room, she first walked on a fiber rug for several feet before going *1013 onto a cement tile floor which was uncovered. As she walked on the cement floor she fell and sustained injuries.
There was no water on the floor. There was no obstruction on the floor. Claimant’s contention is that she slipped on the floor because the slippers she was furnished were slippery and unsafe.
The slippers furnished to claimant were heelless flat soles with a cloth top which covered the toes and the front of the foot. This type of slipper was standard equipment and had been used at the bath for many years without complaint or accident. Persons unacquainted with this type of foot gear might be confused momentarily but there is no complicated procedure necessary to adapt to the use. Claimant had no difficulty on the previous day when she was also a guest for a mineral bath.
Claimant adopts the theory that it was the duty of defendant to have an attendant with her at all times. The court finds that the contention advanced is without merit since the claimant was in good physical condition and able to walk without assistance at all times.
Claimant also claims that the cement tile floor was slippery and that this was negligence. In the instant case there is no proof of any obstruction on the floor. (See Nelson v. Salem Danish Lutheran Church, 270 App. Div. 1030.)
It is the duty of the defendant to be reasonably sure that patrons are not invited into danger and, additionally, to exercise ordinary care for their safety. (Conroy v. Saratoga Springs Auth., 259 App. Div. 365.)
The claimant has failed to show that the defendant was negligent and the claim must be dismissed.
The motion made by the Attorney-General for dismissal at the close of the case is granted and the claim is dismissed. Let judgment be entered accordingly.