737 P.2d 96

**Connie HOLGUIN, Plaintiff-Appellant,**

v.

**SMITH'S FOOD KING PROPERTIES, INC., Defendant-Appellee.**

**No. 8821.**

Court of Appeals of New Mexico.

April 16, 1987.

Beverly J. Singleman, Grey W. Handy, Martin, Cresswell, Hubert & Hernandez, P.A., Las Cruces, for plaintiff-appellant.

Alice Tomlinson Lorenz, Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

This is a slip and fall case. Plaintiff appeals from a judgment granting defendant's motion for summary judgment in favor of Smith's Food King Properties, Inc. The single issue presented on appeal is whether the trial court erred in awarding summary judgment and finding no genuine disputed issue of fact as to defendant's negligence. We affirm.

### FACTS

Plaintiff, together with her husband and daughter, went to defendant's grocery store in Las Cruces. After returning some video tapes and renting additional movies, plaintiff walked away from the counter carrying only her purse. After plaintiff walked from ten or twenty feet, the cashier called to her that she had forgotten to pick up her change. As plaintiff turned in response, she slipped, fell and injured herself.

Plaintiff's husband, Robert Holguin, assisted her in getting up. The clerk from the video counter told plaintiff she should not have called plaintiff's name the way she did. Another cashier summoned the store manager and also told plaintiff the floor had recently been cleaned. Plaintiff alleged that the floor was shiny and slick and that there were no warning signs posted in the area.

Plaintiff's husband testified in his deposition that, after the accident, he tested the spot where his wife fell. By sliding his shoe over the floor, he ascertained that the floor would be slippery for anyone wearing leather-soled shoes.

Plaintiff also related in her deposition that, Douglas Duerre, the grocery manager, spoke to her shortly after her fall. He asked plaintiff if she wanted to go to the hospital, assured her the store would take care of her bills, and gave her an insurance claim form. On the form, the manager wrote his name and "Accident Happened at Smith's # 482, 1:00 p.m., Sunday the 17th, Smithes [sic] will take proper responsibility."

The store manager encouraged plaintiff to obtain medical attention. The plaintiff was able to stand up and walk and went directly home. The next morning plaintiff was feeling worse and went to the emergency room of the hospital. She was treated for an injury to her hip and wrist and, subsequently, incurred several thousand dollars in medical expenses. Plaintiff later filed suit against defendant alleging that, inter alia, defendant had waxed or buffed the floors or had applied some type of cleaning solution and was negligent in failing to maintain its store floors in a safe condition and failing to warn plaintiff of the danger posed by its waxed floors.

Thereafter, defendant moved for summary judgment, supported by an affidavit of Wendell Hull, a mechanical engineer. Hull's affidavit recited that he had investigated the floor where the accident occurred, and inspected the maintenance procedures and type of floor wax used by the store. Hull's affidavit further recited that the type of floor wax utilized was of a "non-skid, slip-proof type" and the maintenance procedures by the store were consistent with good commercial practice and with the floor wax manufacturer's recommendations. Hull also recited that he performed friction tests to evaluate the skid resistent qualities of the floor at the location of the accident and the skid resistence values were "very high" and adequate for waxed vinyl tile flooring. (Hull performed these tests approximately eight months after plaintiff's accident.)

Plaintiff filed a response to defendant's motion for summary judgment. Plaintiff's

affidavit recited that after she fell, she was informed by a store employee that the "floor had been recently cleaned," and "it appeared to me that the floor was very shiny, very slick, and that it had just been waxed." Plaintiff also stated that the store manager told her he would give her an insurance claim so she could have her medical bills and injuries taken care of and that the manager wrote on the form that the store would assume "proper responsibility" for her injuries.

At a hearing on the motion, plaintiff and defendant both referred to deposition testimony of plaintiff's husband, who testified that he believed his wife was wearing leather-soled shoes at the time of the accident; that he was wearing rubber-soled shoes; that immediately after his wife fell, he tested the floor and the floor was slippery.

Following a hearing on the motion, the trial court granted defendant's motion for summary judgment.

## SUMMARY JUDGMENT

Plaintiff argues that the trial court erred in awarding summary judgment and cites as evidence of negligence the fact that: (1) after she fell an employee commented that the floor had been recently cleaned; (2) there were no warning signs; (3) the floor appeared shiny; (4) the grocery store manager stated that the store would take care of her bills; and (5) plaintiff's husband, immediately after the accident, tested the spot where his wife fell and ascertained that the floor was slippery to persons wearing leather-soled shoes.

■ Defendant was not an insurer of plaintiff's safety but did owe her the duty to exercise ordinary care to keep the premises in a safe condition for plaintiff's use as a business invitee. *See* SCRA 1986, UJI Civ. 13–1319. If a dangerous condition existed on defendant's premises, caused by defendant or its employees, or if the defendant had actual knowledge of such a condition, then it had a duty to exercise ordinary care to correct it, or to warn plaintiff of the presence of the condition. *Id.; see also Mahoney v. J.C. Penney Co.*, 71 N.M. 244, 377 P.2d 663 (1962).

In *Kitts v. Shop Rite Foods*, 64 N.M. 24, 323 P.2d 282 (1958), our supreme court upheld a trial court's directed verdict for defendant where plaintiff slipped and fell on a waxed floor in a grocery store. The supreme court held:

We are not prepared to say that proof of a slippery spot on a floor, standing alone, will support an inference that it resulted from the proprietor's negligence. *De Baca v. Kahn*, 49 N.M. 225, 161 P.2d 630 * * * * [T]he doctrine of *res ipsa loquitur* does not apply in slip and fall cases. Persons frequently sustain falls where and when others do not. There is a total absence of any evidence in this case as to how or by whom the slippery spot was created. No evidence was introduced tending to show that the defendant was negligent in the treatment of the floor or that the type of polish used was improper or was used in excessive amounts. The creation of a slippery condition by the defendant is not a reasonable inference from the whole of the evidence. A slippery condition may arise temporarily in any store though the proprietor has exercised due care.

*Id.* at 27–28, 323 P.2d at 284 (citation omitted).

■ In the case before us, plaintiff introduced evidence that the floor was recently cleaned by defendant's employees, that it was shiny, and that it was slippery to a person wearing leather-soled shoes. Plaintiff's husband, however, did not verify with certainty the fact that plaintiff was actually wearing leather-soled shoes at the time of her fall. (The plaintiff testified in her deposition that she was wearing sandals with rubber soles.) Plaintiff emphasizes, on appeal, that evidence the floor had recently been cleaned creates a reasonable inference that the floor could have been damp and, therefore, left in an unreasonably dangerous condition.

In *Kitts v. Shop Rite Foods*, the court cited with approval the case of *Abt v. Leeds & Lippincott Co.*, 109 N.J.L. 311, 162 A. 525 (1932), noting that a nonsuit was proper where the only proof supporting plain-

tiff's claim of negligence in a slip and fall case was that, "[t]he stairs were waxed, highly polished and *very slippery,* without any evidence that the stairs were improperly constructed or out of repair, or that the waxing or polishing was improper or had been done in an improper manner." *Kitts* at 28, 323 P.2d at 285 (emphasis in original). The court also quoted from *Nelson v. Salem Danish Lutheran Church,* 296 N.Y. 870, 72 N.E.2d 608 (1947), observing that: " 'The fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of negligent application of wax or polish, does not give rise to a cause of action.' " (Citations omitted.) *Kitts* at 29, 323 P.2d at 285 (quoting *Nelson v. Salem Danish Lutheran Church,* 270 App.Div. 1030, 63 N.Y.S.2d 145).

In *Key v. J.C. Penney Co.,* 165 Ga.App. 176, 299 S.E.2d 895 (1983), the Georgia Court of Appeals considered a case factually similar to the cause before us. Defendant's motion for summary judgment in *Key* was supported by affidavits establishing that the material used in waxing and polishing the floor of the store entryway was slip resistant or slip retardant and that the wax had been properly applied. The court held:

> We turn first to the question of whether genuine issues of material fact remain with regard to appellee's negligence in maintaining a "highly waxed and/or polished floor." * * * " 'proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.' " * * * *[T]he plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them."* *Alterman Foods v. Ligon,* 246 Ga. 620, 624, 272 S.E.2d 327 (1980).

*Id.* at 176, 299 S.E.2d at 896 (emphasis added).

Summary judgment is not proper where there is the slightest issue as to a material fact. *Perry v. Color Tile of New Mexico,* 81 N.M. 143, 464 P.2d 562 (Ct.App.1970). It is appropriate only if there are no genuine issues as to the material facts and the movant is entitled to judgment as a matter of law. *Westgate Families v. County Clerk of Incorporated County of Los Alamos,* 100 N.M. 146, 667 P.2d 453 (1983); SCRA 1986, R. 1–056(C). The moving party need only make a prima facie showing that he is entitled to summary judgment, *Koenig v. Perez,* 104 N.M. 664, 726 P.2d 341 (1986), and is not required to show beyond all possibility that a genuine issue of fact does not exist. *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). Once a prima facie showing is made, the burden is then shifted to the party resisting the motion, who must show at least a reasonable doubt as to the existence of a genuine issue of fact. *Koenig v. Perez.*

■ Here, plaintiff failed to rebut defendant's prima facie showing. The fact that plaintiff fell does not raise an inference of negligence on the part of defendant. *See* UJI Civ. 13–1616; *cf. Anaya v. Tarradie,* 70 N.M. 8, 369 P.2d 41 (1962). As noted in *Kitts v. Shop Rite Foods,* the fact the floor is slippery by reason of its smoothness or polish, in the absence of proof of negligent application of wax or polish does not establish negligence. *See also Williamson v. Piggly Wiggly Shop Rite Foods, Inc.,* 80 N.M. 591, 458 P.2d 843 (Ct.App.1969) (presence of slippery spot, standing alone, does not prove negligence because this condition may arise temporarily in any place of business).

Similarly, the mere fact the floor had been cleaned recently would not entitle a trier of fact to find that there was any negligence in maintaining the floor through such cleaning. *See De Baca v. Kahn,* 49 N.M. 225, 161 P.2d 630 (1945) (fact that customer slipped and fell on store floor left in wet, oily condition from recent oiling did not, without showing of a specific act of negligence or existence of obviously dangerous condition, amount to sufficient evidence from which an inference of negligence would issue). *See generally,* Annotation, *Slippery Floor—Injury,* 63 A.L. R.2d 587 (1959). Liability cannot be predicated upon surmise or conjecture as to the cause of the injury. *Vance v. Lucky*

*Stores, Inc.*, 134 Ill.App.3d 166, 89 Ill.Dec. 281, 480 N.E.2d 167 (1985).

Plaintiff also argues that the offer by the grocery manager that the store would pay her medical bills constituted an admission against interest. We disagree. Generally, an offer to pay another's medical bills is not admissible to prove liability. *See* SCRA 1986, Rule 11–409; *see generally* Annotation, *Admissibility of Evidence Showing Payment, or Offer or Promise of Payment of Medical, Hospital, and Similar Expenses of Injured Party by Opposing Party*, 65 A.L.R.3d 932 (1975). "The reasons often given for the above rule are that such payment, offer, or promise is usually made from humane impulses, rather than from an admission of liability, and that to hold otherwise would tend to discourage assistance to the injured person." *Id.* at 941; *see also Home Ins. Co. v. Spears*, 267 Ark. 704, 590 S.W.2d 71 (App. 1979).

The Federal Rule of Evidence 409 advisory committee note states that, "[c]ontrary to Rule 408, dealing with offers of compromise, [Rule 409] does not extend to conduct or statements not a part of the act of furnishing or offering or promising to pay." Fed.R.Evid. 409, 28 U.S.C.A. n. at 350 (West 1984). The statement of the grocery manager, written on the insurance form that Smith's would "take full responsibility," was a part of the offer to pay plaintiff's medical bills. *See Hughes v. Anchor Enters.*, 245 N.C. 131, 95 S.E.2d 577 (1956) (statement of restaurant assistant manager at hospital to husband of patron who slipped and fell to go ahead and put wife in private room, get the best medical care available, and "they would take care of it" was an inadmissible offer to pay medical expenses).

Finally, we note that plaintiff's assertion of negligence based on defendant's failure to place warning signs in the area was not evidence properly before the trial court for consideration on the motion for summary judgment. Plaintiff did not refer to this assertion in her affidavit or at the hearing on the motion. Although plaintiff alleged failure to warn in her complaint, the complaint was not verified; hence, the allegations contained therein could not properly be considered as evidence in opposition to defendant's motion for summary judgment. *Cf. Poorbaugh v. Mullen*, 96 N.M. 598, 633 P.2d 706 (Ct.App.1981).

In the present case, plaintiff failed to show that defendant departed from a duty of ordinary care to keep its premises in a safe condition. Plaintiff made no showing that the floor was unsafe or that it was not properly maintained.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

GARCIA and FRUMAN, JJ., concur.