795 P.2d 1025

**Betty SCHUCH, Plaintiff–Appellant,**

v.

**ARTHRITIS FOUNDATION OF NEW MEXICO, Defendant–Appellee.**

**No. 11977.**

Court of Appeals of New Mexico.

March 20, 1990.

Certiorari Denied April 25, 1990.

Kim A. Griffith, Sheehan, Sheehan & Stelzner, P.A., Albuquerque, for plaintiff-appellant.

Richard L. Puglisi, Martin R. Esquivel, Montgomery & Andrews, P.A., Albuquerque, for defendant-appellee.

## OPINION

BIVINS, Chief Judge.

Plaintiff appeals the trial court's grant of summary judgment to defendant. Our second calendar notice proposed reversal, and defendant has responded with a memorandum in opposition. We are not persuaded by the memorandum and reverse.

■ In reviewing a grant of summary judgment, we are required to view the evidence in the light most favorable to the party opposing the judgment. In addition, we must draw all reasonable inferences in favor of that party. *Knapp v. Fraternal Order of Eagles*, 106 N.M. 11, 738 P.2d 129 (Ct.App.1987). Viewed in that light, the facts most favorable to plaintiff, as asserted in her affidavit and deposition, are as follows: (1) defendant's parking lot was designed in such a way that a parking barrier was located almost directly underfoot anyone exiting the driver's side of a vehicle parked in the adjacent space; (2) the parking spaces in defendant's parking lot were too narrow; (3) plaintiff tripped over the barrier while backing away from her car as she was closing her car door. These assertions raise a genuine issue of fact as to whether the placement of the barriers was unreasonably dangerous for persons parking in the lot and exiting their vehicles.

The question of whether a defendant has breached the duty of reasonable care is ordinarily a question of fact to be resolved at trial. *See id.* Plaintiff's factual assertions in this case raise a question as to whether defendant violated its duty of care by placing the parking barrier too close to the adjacent parking space and in such a position as to be directly underfoot a person alighting from a car parked in the adjacent space. Although the parking barrier is an open and obvious danger, there is a question as to whether persons exiting their vehicles and preoccupied with that endeavor should reasonably be expected to be aware of and avoid a barrier that is directly underfoot. *Cf.* SCRA 1986, 13–1310 (owner of property owes a duty to a business visitor, with respect to known and obvious dangers, if owner knows or has reason to know of a dangerous condition on the premises involving an unreasonable risk of danger to the visitor, and the owner should reasonably anticipate that the visitor will not discover the danger). The issues of whether the parking barrier posed an unreasonable risk of danger to plaintiff as she exited her car, and whether defendant should reasonably have anticipated plaintiff would not notice the barrier, are questions of fact to be resolved at trial. For that reason, summary judgment was inappropriate in this case.

■ Defendant contends plaintiff's factual assertions are insufficient to withstand the motion for summary judgment, because

they do not comply with New Mexico requirements for admissibility of evidence. Defendant relies on *Pedigo v. Valley Mobile Homes, Inc.,* 97 N.M. 795, 643 P.2d 1247 (Ct.App.1982). Contrary to defendant's contentions, we believe plaintiff's factual assertions in this case are not similar to those found inadequate in *Pedigo.* The defendant in *Pedigo* submitted an affidavit containing no factual allegations based on personal knowledge. Instead, the affiant speculated it was "possible" that if the fireplace extension was not installed carefully, it could leave a gap in the firebox. The affiant did not state that he had examined the installation, or had personal knowledge of the condition of the fireplace. In contrast, plaintiff in this case was present at the parking lot, fell over the barrier, and had first-hand knowledge of the location of that barrier. She testified at her deposition that the barrier was directly underfoot as she exited her car, because the parking spaces were too narrow. While her assertion that the spaces were too narrow is in the nature of an opinion instead of a factual statement, the opinion is based on the fact that the barrier was directly underfoot anyone exiting the driver's side of a vehicle parked in the lot. Her assertions, therefore, are different than the mere speculation present in *Pedigo.*

■ Defendant appears to contend plaintiff should have submitted expert testimony regarding the design of the parking lot. We are aware of no authority to the effect that expert testimony is necessary to raise a question of fact concerning a party's negligence or lack thereof. Plaintiff's assertion that the parking barrier was placed in such a way as to be directly underfoot as she exited her car and that the parking spaces were too narrow raise reasonable questions of fact as to whether defendant met its burden of care in this case. We emphasize that this is all the assertions accomplish—they do not establish negligence on defendant's part, or any breach of duty. The assertions simply raise a question of fact regarding the issue. We are unable to say, as a matter of law, that placement of barriers directly underfoot a person exiting a vehicle, even though the barriers are visible under normal circumstances, complies with the standard of care required of the owner of the parking lot.

Defendant also contends this case should not be disposed of on the summary calendar because the result extends or overrules prior New Mexico law concerning summary judgments. We disagree. This opinion simply applies existing law. As we have stated, the result in this case is not contrary to *Pedigo,* because plaintiff's factual assertions are not the type of simple speculation, ungrounded in any personal knowledge, found wanting in that case.

■ To the extent defendant may be arguing that a party cannot raise a question of fact regarding negligence by relying solely on that party's factual assertions, we do not agree that is a proper statement of New Mexico law. *Holguin v. Smith's Food King Properties, Inc.,* 105 N.M. 737, 737 P.2d 96 (Ct.App.1987) does not contain such a holding, as defendant appears to argue. The holding in *Holguin* was simply that, in the face of an expert's affidavit that the floor wax was properly applied and was slip resistant, plaintiff's assertion that the floor was slippery was not sufficient to rebut defendant's prima facie case. We note that defendant did not submit factual material in support of its motion for summary judgment, such as measurements of the parking spaces or photographs of the site of the accident. *Cf. Aaron v. Logro Corp.,* 226 So.2d 8 (Fla.Dist.Ct.App. 1969) (photographic evidence showed the parking spaces were sufficiently wide that a passenger in a vehicle could safely exit the vehicle and walk to the rear of the car without coming into contact with the adjacent parking barrier; therefore, summary judgment for defendant appropriate). In the face of such evidence, plaintiff's assertions that the barrier was directly underfoot or that the spaces are too narrow might be insufficient to withstand summary judgment, assuming the hard physical evidence contradicted those assertions. Absent such evidence establishing a prima facie case that defendant met its burden of care, however, we are left only with plaintiff's assertions of fact. As we have dis-

**336**

cussed in this opinion, those assertions should have been sufficient to withstand the motion for summary judgment, under existing New Mexico law. Therefore, it is not necessary to remove this case from the summary calendar.

Based on the foregoing, we reverse the grant of summary judgment and remand for further proceedings.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.