This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40427**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**JESUS G.,**

Respondent-Appellant,

**IN THE MATTER OF KIMBERLY D.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H. Cravens IV
Albuquerque, NM

for Appellant

ChavezLaw LLC
Rosenda Chavez-Lara
Sunland Park, NM

Guardian Ad Litem

**DECISION**

**ATTREP, Chief Judge.**

**{1}**      Jesus G. (Custodian) appeals the district court's adjudicatory judgment, determining that he abused and neglected Child. We affirm.[1]

**BACKGROUND**

**{2}**      The Children, Youth and Families Department (CYFD) initiated abuse and neglect proceedings against Custodian and his then-girlfriend and mother of Child (Mother), alleging that Custodian had sexually abused Child and her older sister (Sibling) for years and that Mother knew about the abuse but did nothing to prevent it. At the adjudicatory hearing, a detective testified that, during a ninety-minute interrogation, Custodian admitted to touching Child in a sexual manner while she was clothed. During Mother's cross-examination, the detective, at Mother's request, read into the record statements prepared by school officials containing Sibling's allegations that Custodian sexually abused Sibling and Child. Mother testified at the hearing that she had been in a long-term relationship with Custodian and that Custodian was a father figure to Child. Mother also attempted to call Child as a witness. Child's attorney objected on the grounds that Mother had not disclosed Child as a witness and had not subpoenaed Child. The district court sustained the objection. The district court adjudicated Child abused and neglected as to Custodian and neglected as to Mother. Custodian appeals.[2]

**DISCUSSION**

**{3}**      On appeal, Custodian challenges: (1) several evidentiary rulings, (2) the district court's determination that CYFD was not required to produce Custodian's recorded confession to investigators, and (3) the sufficiency of the evidence to support the adjudication of abuse and neglect. We address each of these claims in turn.

**I.      Custodian's Claims Concerning the District Court's Evidentiary Rulings Are Unpreserved**

---

1After this case was placed on the general calendar, Custodian was dismissed from the district court case because the permanency plan was no longer reunification with Mother and, as a result, Custodian's participation in any treatment plan was moot. Upon discovering this, we ordered Custodian to show cause why this appeal should not be dismissed as moot. Through both his appellate and trial counsel, Custodian argued that exceptions to the mootness doctrine applied—i.e., that his appeal presented issues capable of repetition yet evading review and that collateral consequences might flow from the adjudication. We now exercise our discretion to reach the merits of this appeal. *See Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853 (noting that our review of a moot case is "discretionary").

2Mother did not appeal the adjudication of neglect.

**{4}**     Custodian contends that certain of the district court's evidentiary rulings violated the rules of evidence or his right to due process. The problem with these contentions is that Custodian has not demonstrated whether or how they were preserved below, as required by our appellate rules. *See* Rule 12-318(A)(4) NMRA (requiring that the brief in chief contain "a statement explaining how the issue was preserved in the court below"). "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717. Such preservation allows the district court to timely correct error and avoid appeal, provides the opposing party a fair opportunity to respond to the claimed error, and creates a record sufficient for appellate review. *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791. "Thus, on appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273.

**{5}**     Custodian first claims that the detective's testimony conveying Custodian's confession was inadmissible under the "best evidence rule." Custodian, however, fails to demonstrate that this claim of error was preserved. While Custodian asserts that his "attorney objected [to the testimony about his confession] on the basis of the . . . best evidence rule," he fails to identify where in the record this objection occurred. This is an inadequate statement of preservation, and on this basis alone, we may decline review. *See id.* (providing that failure to cite the portion of the record where the claim was preserved warrants denial of review); *Lasen, Inc. v. Tadjikov*, 2020-NMCA-006, ¶ 16, 456 P.3d 1090 (describing the importance of a preservation statement and explaining that "an appellant's failure to include an adequate one may, by itself, justify an appellate court in declining to review a claim"). Irrespective of that failing, our own review of the record does not reveal that counsel for Custodian invoked a ruling of the district court on the "best evidence rule" ground he now advances on appeal. Custodian accordingly did not preserve this claim of error, and we therefore do not consider it. *See Lasen, Inc.*, 2020-NMCA-006, ¶ 19 (concluding that the brief in chief failed to establish the appellant preserved their claims of error and declining to review such claims on this basis).

**{6}**     Custodian next makes two contentions related to the statements, prepared by school officials, containing Sibling's allegations that Custodian sexually abused Sibling and Child. Custodian first contends the statements were inadmissible hearsay. Custodian further contends, as best we can tell, that admitting the statements without also permitting cross-examination of Child violated his right to due process. Custodian again fails to demonstrate these claims of error were preserved. As for the hearsay claim, Custodian contends his trial counsel objected on hearsay grounds to reading the school officials' statements into the record. But the record establishes that Custodian's counsel did not object when Mother's counsel requested that the detective read the

statements into the record.[3] We thus agree with CYFD that Custodian did not preserve his hearsay claim and we therefore do not consider it.

**{7}** Custodian's due process claim likewise is not preserved. Custodian argues his Fifth Amendment right to due process was violated when out-of-court statements were admitted, but he was denied the opportunity to confront Child. Custodian omits crucial facts from his argument, including that Custodian never attempted to call Child as a witness during the adjudicatory hearing, that he did not comply with witness disclosure requirements, and that he did not provide notice to the district court of his intent to call Child as a witness. Instead, it was Mother who attempted to call Child as a witness at the adjudicatory hearing and was prevented from doing so by the district court. Custodian fails to explain how Mother's actions suffice to preserve his due process claim for appeal and how, even if it was preserved, his Fifth Amendment rights were violated by the district court's ruling that Mother could not call Child as a witness at the hearing. We decline to develop such arguments for him. *See State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622 ("This Court will not rule on an inadequately-briefed issue where doing so would require this Court to develop the arguments itself, effectively performing the parties' work for them." (internal quotation marks and citation omitted)); *State v. Candelaria*, 2019-NMCA-032, ¶ 48, 446 P.3d 1205 (declining to address an undeveloped claim). *See generally State ex rel. Child., Youth & Fams. Dep't v. Pamela R.D.G.*, 2006-NMSC-019, ¶¶ 13-17, 139 N.M. 459, 134 P.3d 746 (concluding, after conducting an extensive analysis under the three-part balancing test in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that the admission of a child's hearsay statements in the absence of cross-examination of the child did not violate the parents' right to due process). We thus conclude that Custodian did not preserve his due process claim and otherwise fails to develop this claim on appeal; we therefore do not consider this claim of error.[4]

## II. Custodian Does Not Establish That CYFD's Failure to Produce His Recorded Confession Was Erroneous

**{8}** Citing Rule 10-137 NMRA, Custodian next contends that the district court erred in denying his request that CYFD produce the recording of his confession. In response, CYFD persuasively argues that our rules mandate only that it disclose such recordings if they are "in the possession, custody or control of [CYFD]," Rule 10-331(A)(1) NMRA,

---

3There are instances in the brief in chief and reply brief where counsel for Custodian makes factual representations that either are not borne out by the record or omit pertinent facts. Although we appreciate zealous advocacy, we remind counsel of their duty to represent the facts accurately to this Court. *See* Rule 16-303(A)(1) NMRA.

4Although unpreserved claims of error may be reviewed for plain or fundamental error under limited circumstances and at the appellate court's discretion, Custodian does not ask us to conduct such a review of any of his unpreserved claims of error, and we decline to do so sua sponte. *See State v. Gutierrez*, 2003-NMCA-077, ¶ 9, 133 N.M. 797, 70 P.3d 787 (stating that courts normally do not review for fundamental or plain error when not requested to do so by the appellant); *cf. Est. of Gutierrez ex rel. Jaramillo v. Meteor Monument, L.L.C.*, 2012-NMSC-004, ¶ 33, 274 P.3d 97 (explaining that the doctrine of fundamental error has only been applied to "civil cases under the most extraordinary and limited circumstances").

and asserts that it did not possess a recording of Custodian's confession. In his reply brief, Custodian fails to respond to CYFD's argument or challenge CYFD's assertion that it did not possess the recording. *See Vanderlugt v. Vanderlugt*, 2018-NMCA-073, ¶ 49, 429 P.3d 1269 (holding that an issue may be deemed conceded where the reply brief is silent regarding an argument raised in the answer brief). And Custodian otherwise fails to convince us that the district court erred. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 (providing that an "appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred"). We therefore affirm the district court's ruling.

### III.     The Adjudication of Abuse Was Supported by Substantial Evidence

**{9}**     The district court determined that Child was abused as to Custodian because Child "suffered sexual abuse or sexual exploitation inflicted by the child's parent, guardian or custodian." NMSA 1978, § 32A-4-2(B)(3) (2018). Sexual abuse is defined as "criminal sexual contact, incest or criminal sexual penetration, as those acts are defined by state law." Section 32A-4-2(J). Criminal sexual contact of a minor (CSCM), in turn, is defined in the Criminal Code as "the unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing of a minor to touch one's intimate parts." NMSA 1978, § 30-9-13(A) (2003). Third-degree CSCM occurs, as relevant here, when "the perpetrator is in a position of authority over the child and uses this authority to coerce the child to submit" to the sexual contact and when, at the time of contact, the child victim is between the ages of thirteen and eighteen and is clothed. *See* § 30-9-13(C)(2)(a); *State v. Arvizo*, 2018-NMSC-026, ¶ 14, 417 P.3d 384. A person "in a position of authority" includes a "household member." NMSA 1978, § 30-9-10(E) (2005).

**{10}**   In challenging the sufficiency of the evidence to support the district court's determination of abuse under Section 32A-4-2(B)(3), Custodian does not contest that he was Child's household member and, as such, was in a position of authority. He instead contends only that there was insufficient proof that he "used a position of authority to coerce [C]hild to submit," and we focus our analysis accordingly.[5] "A person in a position of authority does not have to use threats or physical force to coerce a child to submit to sexual contact. A child can be coerced through subtle social or domestic pressure on the part of the perpetrator." *Arvizo*, 2018-NMSC-026, ¶ 21 (citation omitted). As Custodian recognizes, "[t]he exercise of undue influence resulting in the submission to sexual contact can be inferred by a child's reluctance or fear to report the sexual contact." *Id.*

**{11}**   Custodian's argument that there was insufficient proof he used his position of authority to coerce Child detrimentally relies on his separate claim that "no admissible

---

5Custodian additionally contends that there was no proof that he "used force or coercion, which resulted in personal injury to the child," *see* § 30-9-13(C)(2)(b), "used force or coercion and was aided or abetted by one or more persons," *see* § 30-9-13(C)(2)(c), or used "a deadly weapon," *see* § 30-9-13(C)(2)(d). CYFD does not contend any of these methods of committing third-degree CSCM apply in this case, and we therefore disregard Custodian's contention.

testimony . . . established [that fact]." Having rejected Custodian's arguments that the district court's evidentiary rulings were erroneous, we deem no testimony inadmissible, and this claim consequently fails. Moreover, Custodian does not explain why unobjected-to testimony should be disregarded in our sufficiency review. *See, e.g., Kitts v. Shop Rite Foods, Inc.*, 1958-NMSC-039, ¶ 7, 64 N.M. 24, 323 P.2d 282 ("In this jurisdiction hearsay evidence received without objection is to be considered in the same manner as other relevant evidence and has sufficient probative worth to support a finding or verdict."); *State ex rel. Child., Youth & Fams. Dep't v. Patricia N.*, 2000-NMCA-035, ¶¶ 7-10, 128 N.M. 813, 999 P.2d 1045 (concluding there was sufficient evidence to support the finding of abuse and neglect, having considered the evidence, which included "[a] videotape of the child's initial statements concerning sexual abuse [that] was admitted into evidence without objection").

**{12}**     Turning to the evidence in this case and viewing it in the light most favorable to the prevailing party, as we must, we conclude that the adjudication of abuse was supported by substantial evidence of a clear and convincing nature. *See State ex rel. Child., Youth & Fams. Dep't v. Shawna C.*, 2005-NMCA-066, ¶ 7, 137 N.M. 687, 114 P.3d 367. The detective testified that Custodian admitted to touching Child in a sexual manner. Sibling alleged, as set forth in the school officials' statements, that Custodian had sexually abused her and Child for several years and that Mother discouraged them from reporting the abuse. Lastly, Mother described Custodian as being a father figure to Child. This evidence supports a reasonable inference that there was a "connection between [Custodian's] position of authority and his sexual contact with [Child], which is sufficient to infer the existence of coercion." *See State v. Gardner*, 2003-NMCA-107, ¶ 38, 134 N.M. 294, 76 P.3d 47; *see also State v. Gillette*, 1985-NMCA-037, ¶¶ 31-32, 102 N.M. 695, 699 P.2d 626 (concluding that evidence of the defendant's "role of an authority figure in the home," his "close, confidential relationship" with the child, his age, and his physical size supported the jury's conclusion that the "defendant was in a position of authority and used his authority to coerce the child into submitting to the charged sexual acts"). We accordingly conclude that the adjudication of abuse was supported by sufficient evidence.[6]

## IV.     Custodian's Additional Claims of Error

**{13}**     Custodian's briefing touches on numerous other claims of error pertaining to, for example, his use immunity order, his trial counsel's effectiveness, and the possibility that his confession was made in Spanish. Because these arguments are not clearly or adequately developed, we decline to review them. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (providing that appellate courts are under no obligation to review unclear or undeveloped arguments).

## CONCLUSION

---

6Because we affirm the district court's adjudication of abuse under Section 32A-4-2(B)(3), we need not address Custodian's challenges to its adjudication of neglect. *See Shawna C.*, 2005-NMCA-066, ¶ 16.

**{14}** For the foregoing reasons, we affirm.

**{15}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**