KATIE L. VANCE, Plaintiff-Appellant, v. LUCKY STORES, INC., Defendant-Appellee.

Second District   No. 84—368

Opinion filed June 25, 1985.

Robert S. Kramer, of Ariano, Anderson, Bazos, Hardy, Kramer & Castillo, of Elgin, for appellant.

Kenneth F. Knight, of Tyrrell & Flynn, of Chicago, for appellee.

JUSTICE STROUSE delivered the opinion of the court:
The plaintiff, Katie Vance, appeals the trial court's order directing a verdict in favor of the defendant, Lucky Stores, Inc., at the close of the plaintiff's case. The parties raise a number of issues which we need not discuss since our view will dispose of the cause with finality.

The plaintiff filed this personal injury action to recover for injuries she sustained as a result of falling at an Eagle Food Store while she was shopping. The plaintiff's case consisted of the testimony of the plaintiff and Martha Nelles, the Eagle Food Store manager. In summary, the following evidence was adduced at trial.

The plaintiff testified that on December 28, 1981, at approximately 12 noon, she fell and injured herself while shopping in the Eagle Food Store located at 925 North Liberty Street in Elgin. She further testified that a snowfall lasting most of the morning had left

approximately 2 to 3 inches of snow on the ground. Upon entering the store, the plaintiff stomped her feet on the entrance mat to remove the snow which clung to her rubber-soled boots. She observed an accumulation of water both on the mat and around the left side of the mat. As she proceeded down aisle 3 or 4, which was crowded with people, her attention was focused on sale announcements hung at or above eye level. She then fell, striking her shoulder on a shelf. Prior to falling she did not notice any substance on the floor.

When she fell, the plaintiff observed near her an undisturbed, clear, milky-colored puddle about the size of her hand. This liquid was not smeared or tracked about with footprints. The plaintiff neither knew how the substance got there nor how long it had been there. She did not observe any substance in this general area that caused her to fall nor did she know why she fell. A customer then helped her to her feet, and she walked to the front of the store to inform the manager of the incident.

The store manager, Martha Nelles, listened to and recorded plaintiff's account of her fall, telling her that if she had any problem she should go to the hospital and Eagle Food Store would pay the bill. The manager then asked an employee to examine the area of the fall to see what was on the floor. At no time did the plaintiff accompany the employee or the manager to the area. Following her conversation with the manager, the plaintiff purchased her groceries and left the store.

Shortly after the fall, the plaintiff experienced pain in her little finger, right shoulder and left knee. Approximately one month later, she went to the Sherman Hospital emergency room for an examination of her shoulder. She subsequently underwent physical therapy. From the time of her accident to her trip to the hospital, the plaintiff continued to work full-time.

Martha Nelles testified that, as store manager, the maintenance and cleanliness of the store, according to a procedure and safety manual, are among her primary responsibilities. In implementing the manual's policies, a store safety committee walks the store observing its areas, holds department head meetings to discuss occasional problems and submits occasional reports. The store's general safety guidelines require the store management to keep floors clean and dry. On snowy days, employees monitor the front area of the store, mopping up tracked-in water and replacing saturated floor mats. Employees have a general duty to monitor the store aisles; however, no schedule of those inspections is maintained.

Nelles testified that on December 28, 1981, she arrived at the

store at 7 a.m. and inspected it. On the previous night, the floors of the store had been stripped, scrubbed and waxed. She testified that on snowy days, water usually was tracked into the store, but that no signs or notices were posted notifying customers to exercise caution when walking under such conditions. The manual does not require such notices. Nelles indicated that an accumulation of moisture on a recently waxed floor would be a dangerous condition. Other than her initial tour of the store, Nelles did not make another tour prior to 12:15 p.m.

At approximately 12:15 p.m., Nelles prepared the plaintiff's accident report. The plaintiff told Nelles where she had slipped and fallen but did not show Nelles the specific area. The plaintiff told Nelles that she hurt her left hand and her knee. After completing her notes, Nelles inspected the scene of the fall, and observed a small, clear, spot of water, about the size of a quarter. She had no further contact with the plaintiff.

At the close of the plaintiff's case, the defendant moved for a directed verdict. The trial court granted the defendant's motion, finding that the plaintiff failed to present evidence sufficient to satisfy a *prima facie* case for negligence.

■ Liability cannot be predicated upon surmise or conjecture as to the cause of the injury. Proximate cause can only be established when there is a reasonable certainty that the defendant's acts caused the injury. (*Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 817.) If the plaintiff fails to establish the element of proximate cause, she has not sustained her burden of making a *prima facie* case and a directed verdict is proper. (See *Potter v. Edgar* (1975), 34 Ill. App. 3d 33, 36.) In holding the plaintiff failed to establish the proximate cause element of a case for negligence, we find *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, and *Truelsen v. Levin* (1974), 24 Ill. App. 3d 733, *appeal denied* (1975), 58 Ill. 2d 595, to be persuasive herein.

In *Truelsen v. Levin* (1974), 24 Ill. App. 3d 733, 736, the decedent was found on the floor of the plaintiff's home, where she was working as a baby-sitter, and taken to the hospital where she died. The fire department report stated she fell in the kitchen. The nurse's report stated she slipped on a rug and fell. The plaintiff attempted to introduce evidence that the defendant had a leaky dishwasher, that a rug was placed under it when it leaked, and that the rug was gone shortly after the accident. The appellate court affirmed the directed verdict for the defendant, indicating that there was no evidence the floor was wet at the time of the accident and

that to say the defendant's negligence in maintaining a leaky dishwasher was the proximate cause of the injury would be mere conjecture. *Truelsen v. Levin* (1974), 24 Ill. App. 3d 733, 736; see also *Brett v. F. W. Woolworth Co.* (1972), 8 Ill. App. 3d 334, 337.

In *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 816-18, the plaintiff therein stated she did not know why she fell. She admitted she saw something that looked like grease, but did not know whether it was or was not, whether it was slippery, or whether she had stepped on it. Neither her testimony nor any witness' testimony indicated what caused her to fall. The appellate court in *Kimbrough* upheld the granting of the defendant's motion for summary judgment.

■ In reviewing the facts of the present case, the language of the court in *Kimbrough* seems particularly appropriate when that court stated:

"It is clear from these cases that it is not enough for a plaintiff to show that he or she fell on the defendant's flooring. The plaintiff must go further and prove that some condition caused the fall and that this condition was caused by the defendant. Since the plaintiff has admitted that she does not know what caused the fall, and she has at no time mentioned other known witnesses who could present evidence as to this question, it is clear that plaintiff cannot prove her case and at trial a directed verdict for the defendant would be required." 92 Ill. App. 3d 813, 818.

In the present case, neither the plaintiff nor any witness knew what caused the plaintiff to fall, nor did anyone see a substance on the floor which appeared disturbed, smeared or tracked with footprints. When the plaintiff fell, she saw an undisturbed, clear, milky-colored puddle about the size of her hand, and the store manager found an undisturbed, clear, puddle of liquid about the size of a quarter. There is no evidence to show what caused the plaintiff's fall.

Therefore, we find the facts herein, as in *Kimbrough*, reveal the trial court properly granted the defendant's motion for directed verdict.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.