SYLVIA PALUMBO *et al.*, Plaintiffs-Appellants, v. FRANK'S NURSERY AND CRAFTS, INC., Defendant-Appellee.

First District (2nd Division)   No. 1—88—286

Opinion filed April 18, 1989.

A. Denison Weaver, Ltd., of Chicago (Jeffery C. Arnier, of counsel), for appellants.

Gorham, Metge, Bowman & Hourigan, of Chicago (Edward H. MacCabe, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiffs appeal from an order granting summary judgment in favor of defendant, arguing that there is an issue of material fact in the case. We affirm.

While shopping in defendant's store on December 2, 1983, Mrs. Palumbo (plaintiff) and her friend, Mrs. Martino, entered an aisle be-

tween two tables displaying poinsettias. Plaintiff claimed that as she took a step forward with her left foot, both feet went out from under her, causing a fracture of her left hip.

In her deposition, plaintiff testified that she did not see any kind of liquid substance or debris in the aisle where she fell at any time, either before or after her fall. Mrs. Martino, the only eyewitness to plaintiff's fall, testified in her deposition that she, too, did not see any liquid or debris on the floor either before or after the incident. Two post-occurrence witnesses, Trudy Meister and Cynthia Darzinskis, both employees of defendant, provided affidavits stating that they had examined the scene of the occurrence after the fall and found no liquid or debris on the floor. However, at the hospital plaintiff's husband noticed that her coat, which she had been wearing when she fell, was wet.

Trudy Meister testified at her deposition that the poinsettias were not watered on a regular schedule, but as needed. One of defendant's employees would bring a watering cart, approximately three feet by two feet large, into the aisle where the plants were located, and, using a house plant watering pipe, water the plants. The poinsettias were potted in plastic pots that had holes cut into the bottom and were wrapped with foil. There was no evidence as to when the poinsettias were last watered prior to plaintiff's fall.

In granting summary judgment in favor of defendant, the trial judge stated that plaintiff had produced no evidence and therefore could only speculate as to the cause of her fall. She appeals from that order.

Opinion

Plaintiff claims that she has presented evidence which creates a genuine issue of material fact as to the proximate cause of her fall sufficient to defeat an award of summary judgment. She argues that she is not required to identify specifically the foreign substance or article which caused her fall, but only to produce evidence, either direct or circumstantial, which gives rise to a reasonable inference that her fall was caused in whole or in part by defendant's negligence. Defendant contends that there is no evidence of the existence of any foreign substance which may have contributed to or caused plaintiff's fall. It further contends that, if there had been any liquid or debris on the floor, there is no proof that it had either actual or constructive notice of its presence.

■ The parties agree that defendant owed plaintiff the duty of exercising ordinary care in maintaining the premises in a reasonably

safe condition. (*Hayes v. Bailey* (1980), 80 Ill. App. 3d 1027, 400 N.E.2d 544.) Our supreme court has discussed the rules of law applying in such a situation:

"[L]iability will be imposed where a business invitee is injured by slipping on a foreign substance on the premises if it was placed there by the negligence of the proprietor or his servants, or, if there is no showing how the substance got on the premises, if it appears that the proprietor or his servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered. [Citation.] Thus, where the foreign substance is on the premises due to the negligence of the proprietor or his servants, it is not necessary to establish their knowledge, actual or constructive [citation]; whereas, if the substance is on the premises through acts of third persons, the time element to establish knowledge or notice to the proprietor is a material factor." *Donoho v. O'Connell's, Inc.* (1958), 13 Ill. 2d 113, 118, 148 N.E.2d 434.

In *Donoho*, plaintiff slipped and fell as she was walking past a "stand-up" table in defendant restaurant. After her fall she noticed a "partly smashed grilled onion" on the floor near the stand-up table, as well as a dark smear on the floor and on her shoe that looked like grease. A bus boy had cleaned the stand-up table shortly before plaintiff's fall. A jury returned a verdict for plaintiff, but the appellate court reversed this judgment and directed judgment notwithstanding the verdict for defendant. The supreme court reversed the appellate court, stating:

"Where *** in addition to the fact that the substance on the floor was a product sold or related to defendant's operations, the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises, courts have generally allowed the negligence issue to go to the jury, without requiring defendant's knowledge or constructive notice. Moreover, from our review of the cases, there appears to be a diminishing reluctance by courts to accept such circumstantial evidence to establish that the foreign substance came on the floor through defendant's negligence." 13 Ill. 2d at 122.

Here, plaintiff maintains that she slipped on water which dripped from the poinsettias onto the floor as a result of defendant's negli-

gence; therefore, she need not show that defendant had actual or constructive notice of the water.

Plaintiff also relies on *Papadatos v. National Tea Co.* (1974), 21 Ill. App. 3d 616, 316 N.E.2d 83, in which the plaintiff there fell in defendant's parking lot. Ms. Papadatos testified that she did not see what she slipped on, and did not know whether it was a stone or pebble or other object, nor did she know how the object came to be in the parking lot or how long it had been there. The jury returned a verdict in favor of plaintiff, and the appellate court affirmed.

> "In the instant case, although there is no direct proof as to how the object, allegedly stepped on by plaintiff, came to be on the pavement, plaintiff did testify that it was round and that it felt like a pebble or a stone. In addition, from the photographs received in evidence, it appears there were many small stones on the pavement and that there was a hole or depression in defendant's lot which had small stones in it. Plaintiff also testified she had seen the hole on prior occasions during the year she had shopped at that store and had previously observed automobiles driving through the hole, causing stones to be thrown onto the pavement." 21 Ill. App. 3d at 622.

Defendant contends that this case is distinguishable from *Donoho* and *Papadatos* because in those cases the plaintiffs were able to identify the defect or foreign substance which caused their falls, whereas in the present case no one saw water or anything else on the floor; thus, according to defendant, this case is similar to the situation in *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328. There, the trial court granted summary judgment in favor of defendant in a case in which plaintiff sought damages for injuries suffered when she fell as she exited defendant's store by walking down a ramp. The appellate court affirmed, stating:

> "The plaintiff stated repeatedly in her deposition that she did not know why she fell. She admitted that while she saw something that looked like grease in the area, she did not know whether it was grease, what kind it was, whether it was slippery, and most importantly, whether she had stepped on it. In other words, according to plaintiff's own statements, she could produce no evidence (since according to her interrogatories she knew of no other witnesses) to show that even if there was some defect in the ramp, this object or this defect caused her fall. Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's

acts caused the injury. [Citations.]

\* \* \*

\*\*\* [I]t is not enough for a plaintiff to show that he or she fell on the defendant's flooring. The plaintiff must go further and prove that some condition caused the fall and that this condition was caused by the defendant." 92 Ill. App. 3d at 817, 818.

In *Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166, 480 N.E.2d 167, plaintiff fell while shopping at Eagle Food Store. She testified that on the day she fell snow had fallen during the morning and there was approximately two to three inches of snow on the ground. Upon entering the store, plaintiff stomped her feet on the entrance mat to remove the snow from her boots, and, as she did so, she noticed an accumulation of water on the mat and around the left side of the mat. She fell as she began walking down an aisle. She had not noticed anything on the floor prior to her fall, but when she fell, she observed "near her an undisturbed, clear, milky-colored puddle about the size of her hand. This liquid was not smeared or tracked about with footprints." (134 Ill. App. 3d at 167.) Plaintiff did not know how the substance got there or how long it had been there, she did not observe any substance in the general area that caused her to fall, nor did she know why she fell. A post-occurrence witness observed a "small, clear, spot of water, about the size of a quarter" in the area where plaintiff fell. (134 Ill. App. 3d at 168.) The trial court granted a directed verdict for defendant at the close of plaintiff's case, and the appellate court affirmed, relying on *Kimbrough* and stating:

"In the present case, neither the plaintiff nor any witness knew what caused plaintiff to fall, nor did anyone see a substance on the floor which appeared disturbed, smeared or tracked with footprints. \*\*\* There is no evidence to show what caused plaintiff's fall." (134 Ill. App. 3d at 169.)

The court held that plaintiff failed to establish that Eagle Food Store's conduct was the proximate cause of her injury, and thus had failed to make a *prima facie* case of negligence.

Plaintiff also failed to make a *prima facie* case in *Truelsen v. Levin* (1975), 24 Ill. App. 3d 733, 321 N.E.2d 528, where the trial court directed a verdict for defendant at the close of plaintiff's case, and the appellate court affirmed, stating:

"In the case at bar the only evidence concerning the proximate cause of the accident are the nurse's report which indicates that [plaintiff's decedent] Nellie Truelsen fell on a rug and the fire department report which indicates that Nellie

Truelsen fell in the kitchen. The offer of proof allegedly indicated that a rug was customarily placed under the dishwasher when it leaked, which was approximately once a week or once a month. There is no evidence, however, that the floor was wet at the time of the accident or that the rug was on the floor when the fire department arrived. Under these facts, to say that defendant's negligence in maintaining a leaky dishwasher was the proximate cause of Mrs. Truelsen's injury would be mere conjecture." 24 Ill. App. 3d at 736.

■ The purpose of summary judgment proceedings is to determine whether a genuine issue of material facts exists (*Golden v. Marshall Field & Co.* (1985), 134 Ill. App. 3d 100, 479 N.E.2d 1211), and if the facts allow for more than one conclusion or inference, including one unfavorable to the moving party, the motion for summary judgment should be denied. (*Amin v. Knape & Vogt Co.* (1986), 148 Ill. App. 3d 1075, 501 N.E.2d 863.) The right of the moving party to summary judgment must be clear and free from doubt. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.

■ Plaintiff claims that she slipped on water which had dripped from nearby poinsettias; however, both she and Mrs. Martino, her only witness, testified in their depositions that they did not see any water on the floor, and the only post-occurrence witnesses also stated in affidavits that there was no water on the floor. As noted previously, liability cannot be predicated "upon surmise or conjecture as to the cause of injury" (*Kimbrough,* 92 Ill. App. 3d at 817); moreover, if, upon all of the evidence contained in the pleadings and affidavits, nothing would be left to go to a jury, and the court would be required to direct a verdict, summary judgment is appropriate. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497.) Plaintiff only speculates that the poinsettias dripped, but all the sworn testimony in this case is that the floor was dry. There is no evidence to show what caused her fall, and therefore, summary judgment in favor of defendant was properly granted.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BILANDIC, P.J., and EGAN,* J., concur.

---

*Judge Egan participated in the decision of this case prior to becoming a member of the sixth division.