ZONA HOUSH, Plaintiff-Appellant, v. KAREN SWANSON, Defendant-Appellee (Wesley Keown, Defendant).

Second District No. 2—90—0124

Opinion filed September 25, 1990.

John Munday, of Lane & Munday, and Frank Leonard LaPort, of Frank Leonard LaPort & Associates, Ltd., both of Chicago, for appellant.

Craig S. Mielke, of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora, and H. Case Ellis, of Ellis & McNerney, of Crystal Lake, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Zona Housh, appeals from an order of the circuit court of Kane County granting the motion of defendant, Karen Swanson, for summary judgment. We note here that another defendant, Wesley Keown, is not a party to this appeal. Plaintiff raises two issues on appeal: (1) whether defendant established that the alleged defect in the leased premises was not the proximate cause of plaintiff's injury; and (2) whether defendant established that the alleged defect was not a latent defect.

Plaintiff filed a two-count second amended complaint alleging that plaintiff suffered permanent injuries when she fell from a balcony on September 27, 1986. Count I of the complaint alleged that the fall resulted from the negligence of Wesley Keown, the lessee of the premises. Count II of the complaint was directed at defendant and alleged that she was the owner of the premises and had a duty to exercise ordinary care and caution in the management, maintenance and control of the premises.

Plaintiff further alleged that defendant was negligent in that she failed to install guardrails along the balcony; failed to warn plaintiff of the dangerous condition of the balcony; placed an antenna wire on the floor of the balcony; failed to remove the loose antenna wire; failed to warn plaintiff of the loose antenna wire; and failed to inspect the premises. Plaintiff alleged that the defective condition of the balcony, caused in part by the existence of the loose antenna wire, was a latent defect unknown to plaintiff and Keown which defendant knew or should have known existed.

Defendant filed a motion for summary judgment and incorporated therein the transcripts of the depositions of both plaintiff and Keown. The depositions established the following facts. Keown leased the premises in 1983. The leased premises consist of a single-family house, and Keown rented the entire building. Plaintiff moved in with Keown approximately one year prior to the accident. Defendant took care of the major repair work to the house and inspected the house at least once every year.

The house has a deck area off a second-story bedroom. The door to the deck area had been sawed in half, and Keown nailed the bottom half of the door shut. The deck area is made of some kind of black substance, probably roofing material, and is not a wood deck.

There is no railing around the deck area. Keown and plaintiff used the deck area to lie in the sun and to sit out and listen to the radio. Both Keown and plaintiff were aware that there was no railing. Under normal conditions, they were never close to the edge. Plaintiff stated that she had probably been out on the deck more than 50 times. Neither Keown nor plaintiff had ever complained to defendant about the lack of a railing, and defendant never promised to put a railing around the deck area. Plaintiff did not know if defendant knew that they used the deck area for sitting out. Keown performed any maintenance work on the deck, including sweeping off acorns and leaves.

There were also two antennae wires right above that area. One wire went to one side of the house and one wire was just free, hanging. To Keown's knowledge, the wire had never been attached to anything. It was not in use because they have cable television. The wind would sometimes catch the wire and blow it around. Keown stated that the piece of wire had been there since he moved into the house and that he never gave it much thought. Keown and plaintiff never complained to defendant about the antenna wire, and defendant never promised to do anything about the wire.

On the night of the accident, Keown thought he heard prowlers and, a little after 2 a.m., went out on the deck area to investigate. Plaintiff followed him onto the deck. Both Keown and plaintiff stated that there was no lighting on that side of the house. There was no moon that night. It was dark and the edge of the deck was not visible. Keown went up on the peaked part of the roof to get a better look. When he came down, plaintiff was not on the deck. Keown found her on the ground in back of the house. At the time he found her, she had part of the antenna wire wrapped around her legs.

Plaintiff stated that she did not recall ever noticing or seeing the antenna wire on the deck area. She does not remember falling the night of the accident and does not remember what caused her to fall.

The trial court granted defendant's motion for summary judgment stating, in a written order, that the alleged "latent defect" was, in fact, open and obvious and that, further, there was no proximate cause between the alleged defect and the injury. This appeal followed.

Plaintiff argues that defendant's motion for summary judgment should not have been granted because defendant did not establish that there was no proximate cause between the alleged defect in the leased premises and plaintiff's injury and because defendant did not establish that the alleged defect was not a latent defect.

Plaintiff contends that, even though she does not remember what

caused her to fall, there was sufficient circumstantial evidence to raise a genuine issue of material fact as to the proximate cause of the fall. This is because Keown's deposition testimony established that plaintiff had part of the antenna wire wrapped around her legs when he found her on the ground. We agree.

■■ Summary judgment should be granted only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Wilder Binding Co. v. Oak Park Trust & Savings Bank* (1990), 135 Ill. 2d 121, 130.) The purpose of a summary judgment proceeding is to determine whether there are any genuine issues of material fact. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) In making this determination, a court must construe the pleadings, depositions, admissions, exhibits and affidavits on file "strictly against the movant and liberally in favor of the opponent" and enter a summary judgment "only when the right of the moving party is clear and free from doubt." *Purtill*, 111 Ill. 2d at 240.

The facts in this case, which are established by the deposition transcripts attached to the motion for summary judgment, are not in dispute. The only dispute is in the inferences to be drawn from these facts.

■■ Defendant argues, correctly, that liability cannot be predicated upon surmise or conjecture as to the cause of injury and that proximate cause can be established only when there is a reasonable certainty that the defendant's acts caused the injury. (*Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166, 168.) It is also true that the mere possibility of a causal connection is insufficient to raise the requisite inference of fact. (*N.W. v. Amalgamated Trust & Savings Bank* (1990), 196 Ill. App. 3d 1066, 1077.) Defendant contends that proximate cause cannot be established in this case because plaintiff has admitted that she does not know what caused her to fall.

■■ ■ Assuming, for purposes of this discussion, that the presence of the antenna wire can be attributable to negligence on the part of defendant, it is our conclusion that the antenna wire cannot be excluded as a proximate cause of plaintiff's injuries as a matter of law. "Negligence may be established by using either direct or circumstantial evidence." (*Mort v. Walter* (1983), 98 Ill. 2d 391, 396.) Circumstantial evidence is the proof of facts and circumstances from which a jury may infer other connected facts which usually and reasonably follow, according to the common experience of mankind. (*Pace v. Mc-*

*Clow* (1983), 119 Ill. App. 3d 419, 423-24.) The "use of circumstantial evidence is not limited to those instances in which the circumstances support only one logical conclusion." (*Mort,* 98 Ill. 2d at 396.) "Instead, circumstantial evidence will suffice whenever an inference may reasonably be drawn therefrom [citations], and the facts established by such inferences are considered when an issue is decided as a matter of law or a verdict is directed." (*Mort,* 98 Ill. 2d at 396-97.) The inquiry here then is whether plaintiff presented sufficient circumstantial evidence to raise a genuine issue of material fact as to whether the antenna wire caused her injuries.

A reasonable inference to be drawn from the uncontradicted fact that a part of the antenna wire was wrapped around plaintiff's legs when she was found on the ground after the fall is that plaintiff came in contact with the wire immediately before her fall. It is therefore reasonable to infer that the wire could have caused the fall. (*Cf. Snell v. Village of University Park* (1989), 185 Ill. App. 3d 973, 977 (no evidence that decedent or her bicycle came into contact with allegedly defective curb).) The cases cited by defendant in support of her position are distinguishable. The cases all dealt with situations where there was no proof of contact between the plaintiff and the allegedly defective condition. (See *Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166 (no evidence that any substance on floor caused plaintiff to fall where plaintiff stated that, after her fall, she saw an undisturbed, clear, milky-colored puddle about the size of her hand which was not smeared or tracked about with footprints); *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813 (no evidence that plaintiff came into contact with grease spots she saw after her fall); *Truelsen v. Levin* (1974), 24 Ill. App. 3d 733 (no evidence that a leaky dishwasher caused the floor to be wet at the time of the accident).) In this case, there is evidence of contact between plaintiff and the antenna wire at the time of the fall.

We therefore find that the trial court erred in finding that there was, as a matter of law, no proximate cause between the alleged defect, the antenna wire, and the injury.

Plaintiff also argues that there is a genuine issue of material fact as to the existence of a latent defect. Plaintiff concedes that the absence of a railing around the edge of the deck area was a condition known to Keown. The evidence in the record also establishes that this fact was known to plaintiff. Plaintiff contends, however, that a question exists as to whether the antenna wire was a latent defect because defendant has failed to show that either plaintiff or Keown had prior knowledge that the antenna wire could be blown onto the sur-

face of the deck area. She asserts that it was the combined hazard of a loose antenna wire and the absence of a railing that was a latent defect.

■■ ■ Basically, this argument relates to the existence of a duty on the part of defendant. In an action for negligence, a plaintiff is required to set out sufficient facts establishing the existence of a duty owed to the plaintiff by the defendant, a breach of that duty, and an injury proximately caused by the breach. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140; *Rowe v. State Bank* (1988), 125 Ill. 2d 203, 215.) We need to determine whether summary judgment was properly granted based on the fact that defendant did not owe plaintiff a duty. We find that there was no duty under these circumstances and therefore affirm.

■■ It is well settled that a landlord is not liable for injuries caused by a defective condition on premises leased to a tenant and under the tenant's control. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 220-21; see also *Wright v. Mr. Quick, Inc.* (1985), 109 Ill. 2d 236, 238.) This is true whether it is the tenant or the tenant's invited guest who is injured (*Gilbreath v. Greenwalt* (1980), 88 Ill. App. 3d 308, 310), as a guest stands in the same position as the tenant and has no greater rights against the landlord (*Roseman v. Wilde* (1969), 106 Ill. App. 2d 93, 97). In this case, there is no dispute that Keown was lessee of the entire premises and maintained the deck area.

■■ There are, however, some recognized exceptions to this rule. A "landlord may be liable for latent defects existing at the time the premises were leased, fraudulent concealment of a known dangerous condition, defects causing harm which amounts to a nuisance, breach of contracts to repair the premises, and a violation of a statute or ordinance." (*McCombs v. Dexter* (1989), 186 Ill. App. 3d 484, 486; see also *Gilbreath*, 88 Ill. App. 3d at 309-10.) The only exception which plaintiff contends applies here is the existence of a latent defect.

■■ A latent defect is a defect which is known or should have been known to the landlord in the exercise of reasonable care and which could not have been discovered upon a reasonable examination of the premises by the tenant. (See *Gilbreath*, 88 Ill. App. 3d at 309; *Cerniglia v. Farris* (1987), 160 Ill. App. 3d 568, 573.) The tenant has a duty to inspect the premises and determine their safety and suitability. (*Greenlee v. First National Bank* (1988), 175 Ill. App. 3d 236, 239.) If the defect is of such a nature that the tenant can or does discover it himself, then there is no liability on the part of the landlord. *Roseman v. Wilde* (1969), 106 Ill. App. 2d 93, 97.

In this case, Keown acknowledged during his deposition that he

was aware of the existence of the loose antenna wire. While plaintiff argues that defendant failed to show that either plaintiff or Keown had prior knowledge that the antenna wire could be blown onto the deck area or that they were ever on the deck area at the same time that the antenna wire was present, the transcript of Keown's deposition compels an opposite conclusion. Pertinent to this issue, Keown's responses at his deposition are as follows:

"Q. And do you have any understanding prior to this accident as to where that lead went from the inclined roof?

A. No. It was just—like I said, it was a cable that was— there was [sic] two leads coming off the antenna.

The antenna was right above there, and there was one lead that went to one side of the house and one lead that was just free, hanging. It wasn't attached to anything.

Q. The other end of this lead, then, was just laying [sic] on the roof?

A. Yes.

Q. And the other end was not connected to something, as far as you know?

A. No.

Q. If you know, Wesley, how long was that antenna lead there prior to the accident?

A. I am really not sure. Like I said, the wind would catch it and blow it from one side of the house to the other. So it could have blown over.

Q. Whether it was blown in one position or the other, the piece of wire had been there since you moved in?

A. Yes."

Keown therefore indicated that the antenna wire had been on the house since he moved in, that it was not attached to anything, and that the wind blew it around. He acknowledged that it may have blown over the deck area prior to the accident. Contrary to plaintiff's assertions, even construing these statements liberally in favor of plaintiff, no inference can exist from these facts that Keown was not aware that the antenna wire could be blown onto the surface of the deck area. It is also clearly not possible to infer from these facts that Keown would not be able to discover that the antenna wire could blow onto the deck area upon a reasonable examination of the premises.

The undisputed facts establish that Keown was aware, or certainly should have been aware, that the unattached antenna wire could blow onto the deck area. Also, while plaintiff has attempted to

distinguish the cases defendant relied on in support of her motion for summary judgment, plaintiff has not cited any authority supporting her position that the antenna wire was a latent defect.

 If, as here, there are no material facts in dispute, " 'inferences may be drawn from the undisputed facts to determine if the defendant is entitled to judgment as a matter of law. If no fair-minded person could draw different inferences from these facts, then there is no triable issue and the motion for summary judgment should be granted.' " (*Alcorn v. Stepzinski* (1989), 185 Ill. App. 3d 1, 4, quoting *Peltz v. Chicago Transit Authority* (1975), 31 Ill. App. 3d 948, 951.) Based on the uncontroverted facts in this case, we determine that no fair-minded person could draw different inferences from these facts. There is therefore no triable issue as to the existence of a latent defect, and defendant, as a landlord, owed no duty to plaintiff.

Because there was no latent defect, there was no duty on the part of the defendant. Consequently, plaintiff's cause of action was properly disposed of by way of summary judgment in favor of defendant.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

DUNN and GEIGER, JJ., concur.