ESTHER BARKER, Plaintiff-Appellant, v. EAGLE FOOD CENTERS, INC., Defendant-Appellee.

Second District   No. 2—93—0167

Opinion filed June 2, 1994.

Edward F. Diedrich, of Law Offices of Edward F. Diedrich, of De Kalb, for appellant.

James G. Ahlberg, of Fearer, Nye, Ahlberg & Chadwick, of Rochelle, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Esther Barker, appeals the order of the circuit court of De Kalb County granting summary judgment to defendant, Eagle Food Centers, Inc. The issue on appeal is whether plaintiff presented sufficient evidence to establish that defendant's actions were the proximate cause of her slip-and-fall injuries. We affirm.

Plaintiff filed a complaint alleging that she slipped and fell in the produce department of one of defendant's stores "due to the fact that [the floor] was wet." Plaintiff alleged that the wet and slippery condition of the floor constituted a breach of defendant's duty to maintain a safe shopping area.

A motion by defendant to strike certain portions of plaintiff's brief was ordered taken with the case. Plaintiff was deposed by her counsel, and parts of her testimony were used by both parties in the summary judgment proceedings. The complete transcript of this deposition was attached as appendix A to plaintiff's brief. Defendant argues that only the title page and pages 20 through 26 of the transcript were introduced before the trial court and appear in the record; therefore, the remainder of the deposition and several references to it in plaintiff's statement of facts must be stricken.

We agree. Attachments to briefs not included in the appellate record are not properly before the reviewing court and cannot be used to supplement the record. (*Zimmer v. Melendez* (1991), 222 Ill. App. 3d 390, 395.) Defendant's motion to strike is granted, and the court will not rely on the disputed material in appendix A or the references to that material in plaintiff's brief.

In her deposition, plaintiff stated that her "foot went out from under [her] on the wet floor" of the produce department when she stepped off the carpet that was placed around a vegetable bin. She stated that sprinkling the vegetables makes the floor wet and she often saw water on the floor of defendant's store. She further testified that she did not notice water on the floor before or after she fell. She did not observe the floor at all and did not notice whether her clothes were wet after she fell. She noticed nothing on the floor other than the carpet, which was lying flat on the floor at the time of her fall. She assumed the floor was wet, "[o]therwise, I wouldn't have slipped."

Michael Kevin Boyd and Dean Richardson, both of the City of De Kalb fire department, were deposed by plaintiff's counsel and cross-examined. Boyd, a paramedic at the time of the incident, and Richardson, an emergency medical technician, were called to the scene of the accident. Both men signed a "Mobile Intensive Care Record" (Care Record) that was prepared by Boyd. The Care Record, which was marked as a deposition exhibit, stated in pertinent part that the fire fighters had been called to assist a woman "who had slipped on a wet floor."

Both fire fighters testified that it was department policy to prepare a Care Record the day of the incident and to fill out the form as accurately as possible. Both also testified that they had no independent recollection of the incident and that the Care Record did not refresh their recollections. Neither fire fighter recalled whether the floor was wet or dry, and neither knew whether the statement "who had slipped on a wet floor" was based on personal observation or was information conveyed to them by someone else.

Defendant submitted the affidavit of Norma Chilton, who was shopping in the produce department when plaintiff fell. Chilton's affidavit stated that she heard something like an exclamation and turned to see plaintiff on the floor. The affidavit also stated that there was no foreign substance on the floor in the area where plaintiff fell, other than a rug that was lying flat. There was also no produce on the floor. Chilton stated that she specifically recalled this because "I am very careful in that area myself."

A motion for summary judgment should be granted only when the pleadings, depositions, and affidavits reveal there is no genuine issue of material fact (735 ILCS 5/2—1005(c) (West 1992)) and the right of the moving party to judgment is free from doubt (*Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 271). The court may draw reasonable inferences from the undisputed facts, but where reasonable persons could draw divergent inferences from the undisputed facts, the issue should be decided by a trier of fact

and the motion denied. (*Loyola Academy*, 146 Ill. 2d at 271-72.) While a plaintiff need not prove her case during summary judgment, she must present some evidentiary facts to support the elements of her cause of action. (*Bellerive v. Hilton Hotels Corp.* (1993), 245 Ill. App. 3d 933, 936.) "If what is contained in the papers on file would constitute all of the evidence before a court and would be insufficient to go to a jury but would require a court to direct a verdict, summary judgment should be entered." *Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358.

To state adequately a cause of action for negligence, plaintiff's allegations must establish a duty of care owed by defendant, a breach of that duty, and an injury proximately resulting from the breach. (*Miklos v. Caliendo* (1987), 161 Ill. App. 3d 132, 138.) Proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury. *Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166, 168.

■ In granting defendant's summary judgment motion, the trial court relied on *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, in which the reviewing court stated that liability in negligence cannot be predicated upon surmise or conjecture as to the cause of the injury. (92 Ill. App. 3d at 817.) "No liability can exist unless the defendant's alleged negligence is the legal cause of the plaintiff's injury and if the plaintiff fails to establish the element of proximate cause, she has not sustained her burden of making a *prima facie* case and a directed verdict is proper." 92 Ill. App. 3d at 817.

In *Kimbrough*, the plaintiff testified that she had no idea why she fell when exiting the defendant's store. (92 Ill. App. 3d at 816.) While she did see spots of grease on the exit ramp, she could not say she slipped on them. Thus, she could not prove the condition of defendant's store was the proximate cause of her injury (92 Ill. App. 3d at 818), and the trial court's summary judgment order in favor of defendant was affirmed.

Plaintiff maintains that her deposition testimony differs significantly from that of the plaintiff in *Kimbrough* and, accordingly, presents an issue of material fact about the proximate cause of her injuries. Plaintiff stated she stepped off the carpet in the produce section and slipped on a floor that she characterized as being wet. Plaintiff also testified she did not see any water on the floor before, after, or at the time she fell. We believe that plaintiff's conclusional assertion that the floor was wet, "[o]therwise, I wouldn't have slipped," fails to provide a "factual basis which would arguably entitle [her] to judgment in [her] favor" (*Miklos*, 161 Ill. App. 3d at 138).

■ We next consider plaintiff's assertion that the circumstantial evidence in her case presents an issue of material fact about the proximate cause of her injuries.

Negligence may be established by using either direct or circumstantial evidence. (*Mort v. Walter* (1983), 98 Ill. 2d 391, 396.) Circumstantial evidence is the proof of facts and circumstances from which a jury may infer other connected facts that usually and reasonably follow, according to the common experience of mankind. (*Housh v. Swanson* (1990), 203 Ill. App. 3d 377, 381.) The inquiry here is whether plaintiff presented sufficient circumstantial evidence to raise a genuine issue of material fact as to whether a wet floor caused her injuries.

The sole circumstantial evidence presented by plaintiff is her assertion that produce departments in stores such as defendant's spray their fruits and vegetables and that the carpet had been placed on defendant's floor around the produce bins. Even if plaintiff had proved that a spraying system was used by defendant and sometimes caused wetness on the floor, we are not persuaded that a jury could reasonably infer that the floor was wet at the time and place of plaintiff's fall or that the fall in fact resulted from plaintiff's contact with that wetness. (See *Truelsen v. Levin* (1974), 24 Ill. App. 3d 733, 736 (no evidence that a leaky dishwasher caused the floor to be wet at the time of the accident); see also *Snell v. Village of University Park* (1989), 185 Ill. App. 3d 973, 977 (no evidence that decedent or her bicycle came into contact with an allegedly defective curb); *Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166 (no evidence that any substance on the floor caused plaintiff to fall where plaintiff stated that, after her fall, she saw an undisturbed, clear, milky-colored puddle about the size of her hand that was not smeared or tracked about with footprints); *Kimbrough*, 92 Ill. App. 3d 813 (no evidence that plaintiff came into contact with grease spots she saw after her fall).) "[T]he mere possibility of a causal connection is insufficient to raise the requisite inference of fact." (*Housh*, 203 Ill. App. 3d at 381.) We conclude that plaintiff's circumstantial evidence does not raise a genuine issue of material fact.

■ Plaintiff also asserts that the Care Record prepared by the emergency medical technicians provides documentary evidence supporting a finding of proximate cause. That report states that the fire fighters were called to the scene to assist a woman "who had slipped on a wet floor." Defendant argues that the Care Record is inadmissible, because it does not meet the test for the past-recollection-recorded exception to the hearsay rule. Plaintiff counters by arguing that, even if defendant's claim is correct, the Care Record

is admissible under both the business records exception and as a statement made to medical personnel in contemplation of medical treatment.

We agree with defendant that the Care Record is inadmissible as a past recollection recorded. To fall within the past-recollection-recorded exception, the evidence must meet four requirements:

> "(1) the witness had firsthand knowledge of the recorded event; (2) the written statement was made at or near the time of the event and while the witness had a clear and accurate memory of it; (3) the witness lacks present recollection of the event; and (4) the witness can vouch for the accuracy of the written statement. [Citation.]" (*Salcik v. Tassone* (1992), 236 Ill. App. 3d 548, 554.)

(*Diamond Glue Co. v. Wietzychowski* (1907), 227 Ill. 338, 347.) Critical to the use of the past-recollection-recorded doctrine is that the testifying witness have "firsthand" or personal knowledge of the events disclosed in the report. *Roeseke v. Pryor* (1987), 152 Ill. App. 3d 771, 780.

In their depositions, neither Boyd nor Richardson, both of whom signed the Care Record, was able to testify that he had firsthand knowledge that plaintiff "had slipped on a wet floor." Both men testified that the entry in the Care Record stating plaintiff "had slipped on a wet floor" may have been based on personal observation or may have been information gathered from another, perhaps unknown, person. Because the fire fighters could not vouch for its accuracy, this pertinent part of the Care Record would not be admissible at trial as a past recollection recorded.

Plaintiff's assertion that the Care Record is admissible as a statement to medical personnel for purposes of medical diagnosis or treatment is unfounded. Although it has been held that such statements may be made by either a patient or someone with an interest in his well-being (*Welter v. Bowman Dairy Co.* (1943), 318 Ill. App. 305), the source of the statement in the present case is unknown. As stated above, both fire fighters have testified in their depositions that the phrase "who had slipped on a wet floor" may have been a personal statement based on observation or may have been the statement of another person of uncertain identity. Plaintiff offers no authority for the admissibility of a statement under this hearsay exception where the source of the statement, not to mention the intention behind it, is unknown.

Plaintiff also asserts that the Care Record is admissible under the business records exception to the hearsay rule. (See 145 Ill. 2d R. 236.) Although the term "business," as used in Rule 236, includes "business, profession, occupation, and calling of every kind" (145 Ill.

2d R. 236(a)), the Care Record in the instant case was made by employees of the City of De Kalb fire department in the course of responding to an accident. Public records maintained by public officials or employees in connection with the performance of their official duties are admissible in evidence, though subject to limitation.

Official records kept by public officials are generally admissible as an exception to the hearsay rule if required by statute or authorized to be maintained by the nature of the office; however, records made by public officials or employees that concern causes and effects, involving the exercise of judgment and discretion, expressions of opinion, or the drawing of conclusions, are generally not admissible under the public records exception unless they concern matters about which the official would be qualified to testify at trial. *Bloomgren v. Fire Insurance Exchange* (1987), 162 Ill. App. 3d 594, 598-99; *Lombard Park District v. Chicago Title & Trust Co.* (1969), 105 Ill. App. 2d 371, 378-79.

The Care Record contains a statement that concerns the cause of plaintiff's injury. The fire fighters would not be qualified to testify, since they do not recall the incident and cannot now say that the crucial statement "who had slipped on a wet floor" was based on personal observation. Therefore, the Care Record, or at least that part of it concerning causation, would not be admissible under the exception to the hearsay rule. *Bloomgren*, 162 Ill. App. 3d at 599.

■ Finally, plaintiff maintains that the affidavit of Norma Chilton adds little of worth on the issue of proximate cause, because Chilton did not see plaintiff fall. We agree. (See *Pedersen v. Joliet Park District* (1985), 136 Ill. App. 3d 172, 176 (the assertions of an affiant relating solely to the condition of the floor on which plaintiff fell shed no light on the issue of proximate cause).) However, our agreement with plaintiff is inconsequential, as consideration of Chilton's affidavit is unnecessary to our finding that plaintiff failed to come forward with evidence to prove that a specified condition caused by defendant caused her to fall. *Kimbrough*, 92 Ill. App. 3d at 818.

For the foregoing reasons, we affirm the order of the circuit court of De Kalb County.

Affirmed.

QUETSCH and PECCARELLI, JJ., concur.