In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2213

TERRI LOBIANCO and LOUIS LOBIANCO,

*Plaintiffs-Appellants*,

*v.*

BONEFISH GRILL, LLC,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:21-cv-04180 — **Marvin E. Aspen**, *Judge.*

ARGUED FEBRUARY 14, 2024 — DECIDED MARCH 4, 2024

Before SCUDDER, ST. EVE, and LEE, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Terri LoBianco slipped and fell in a Chicagoland Bonefish Grill, dislocating her hip. She later sued the restaurant, alleging negligent maintenance of the floor. The district court entered summary judgment for the restaurant, concluding that LoBianco failed to identify the proximate cause of her fall and injury. We see the case differently. During her deposition, LoBianco testified in no uncertain terms that she slipped upon stepping in liquid, only then

to fall hard to the floor, leaving a wet spot on part of her dress. That is enough to create a disputed issue of fact. So we reverse and return the case to the district court for trial.

## I

### A

On July 10, 2019, Terri LoBianco went to dinner with her two sisters at a Bonefish Grill restaurant in Skokie, Illinois. After finishing her meal, she went to the restroom. On her walk back to the table, her foot slipped forward, causing her to fall. Terri dislocated her hip and, as a result, needed four surgeries.

Upon falling, LoBianco felt wetness on her dress, immediately identifying a pool of liquid as the reason she had slipped. She was not the only person who reported seeing a liquid. Following the fall, a Bonefish Grill employee, referring to the spill, stated that she had earlier "told [somebody] to wipe that up." Upon arriving at a hospital, Terri met up with her husband, Louis LoBianco. He too noticed that Terri's dress was wet.

The LoBiancos sued Bonefish Grill on two claims in state court brought under Illinois law. Terri alleged that she sustained her hip injury because she slipped and fell on a spill the restaurant negligently failed to clean. Louis brought a similar claim for his loss of consortium with Terri due to her injuries. On Bonefish Grill's motion, Terri's suit was removed to federal district court based on diversity jurisdiction. See 28 U.S.C. §§ 1332, 1441(a).

## B

Bonefish Grill moved for summary judgment following the close of discovery. The district court granted the restaurant's motion, reasoning that Terri could not establish the proximate cause required for a negligence claim. The court concluded that the record did not contain a disputed issue as to whether Terri slipped in a liquid. In doing so, it focused on Terri's testimony during her deposition that she was uncertain if the liquid she slipped in was water (as opposed to something else) and that she did not feel the wetness on her dress until after the fall. The district court also dismissed Louis's loss of consortium claim since it hinged on the success of Terri's negligence claim.

The LoBiancos now appeal.

## II

Our review of the district court's summary judgment ruling proceeds on "a clean slate, drawing all reasonable inferences from the record in favor of [the LoBiancos] as the non-movant[s]." *Xiong v. Bd. of Regents of Univ. of Wis. Sys.*, 62 F.4th 350, 353 (7th Cir. 2023).

## A

With the case proceeding under diversity jurisdiction, "state substantive [tort] law applies—here, that of Illinois." *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 570 (7th Cir. 2022). In Illinois, negligence plaintiffs must prove "[t]he elements of … duty, breach, proximate causation, and damages" to prevail. *Enadeghe v. Dahms*, 95 N.E.3d 1170, 1175 (Ill. App. Ct. 2017). At issue here is whether Terri has put forth sufficient evidence that liquid on the restaurant floor caused her to slip, so this appeal concerns only the element of

proximate cause. While proximate cause can be further broken down into cause in fact and legal cause, *Jones v. Live Nation Ent., Inc.*, 63 N.E.3d 959, 974 (Ill. App. Ct. 2016), the latter—"essentially a question of foreseeability" about the likelihood of an injury—is not contested. *People v. Mumaugh*, 94 N.E.3d 237, 244 (Ill. App. Ct. 2018).

To that end, our focus concentrates on factual causation. The controlling question is whether Terri, in opposing Bonefish Grill's summary judgment motion, put "forth facts [allowing a finding] that her fall was caused by a liquid substance on the floor …." *Ishoo v. Gen. Growth Props., Inc.*, 966 N.E.2d 1160, 1164 (Ill. App. Ct. 2012). To create a jury issue, she must show "with reasonable certainty that [Bonefish Grill's] acts or omissions caused [her]" to slip and fall, *Berke v. Manilow*, 63 N.E.3d 194, 204 (Ill. App. Ct. 2016) (citation and internal quotation marks omitted), by "using either direct or circumstantial evidence." *Barker v. Eagle Food Ctrs., Inc.*, 634 N.E.2d 1276, 1279 (Ill. App. Ct. 1994).

Illinois slip-and-fall plaintiffs can survive summary judgment when they "repeatedly and conclusively indicate[]" what caused them to fall. *Caburnay v. Nor. Am. Hosp.*, 963 N.E.2d 1021, 1028–29 (Ill. App. Ct. 2011); see *Ishoo*, 966 N.E.2d at 1164. That follows because "the credibility of [a] plaintiff[]" who is unequivocal in "claim[ing] that her fall was caused by a liquid substance on the floor cannot be decided in a summary judgment motion." *Ishoo*, 966 N.E.2d at 1164; see also *Caburnay*, 963 N.E.2d at 1028–30 (holding that a jury issue existed about whether a fold in a mat caused a plaintiff's fall where he "repeatedly and conclusively indicated that he fell only after tripping on a fold or bump in [the defendant's] mat"). To identify the source of their fall, a plaintiff may use

their "sensory perception of what caused their fall." *Caburnay*, 963 N.E.2d at 1028.

By contrast, a plaintiff cannot offer only conjecture about the "mere possibility of a causal connection" between a slip hazard and injury and advance past summary judgment. *Barker*, 634 N.E.2d at 1279. Indeed, plaintiffs who express uncertainty about what caused their fall are not permitted to assume or infer that a nearby hazard (like a pool of liquid) was to blame. *Id.* at 1278; *Brett v. F.W. Woolworth Co.*, 290 N.E.2d 712, 714 (Ill. App. Ct. 1972); *Kimbrough v. Jewel Cos.*, 416 N.E.2d 328, 331 (Ill. App. Ct. 1981); *Vance v. Lucky Stores, Inc.*, 480 N.E.2d 167, 168–70 (Ill. App. Ct. 1985). Nor can a plaintiff create a jury issue by offering only after-the-fact speculation about whether a hazard existed at all. See *Palumbo v. Frank's Nursery & Crafts, Inc.*, 537 N.E.2d 1073, 1076–77 (Ill. App. Ct. 1989).

## B

Against these principles, we conclude that Terri has created a jury issue as to the proximate cause of her fall and resulting hip injury.

At every turn, Terri has repeatedly—and in no uncertain terms—identified a liquid as the cause of her fall. Directly after she fell, Terri told her sister that she "slipped on some water." She repeated this to the restaurant manager moments later. During her deposition, she underscored the same point once more, testifying that she slipped in liquid while at Bonefish Grill. She explained that her foot "went like lightning" as she stepped in the liquid, which she described as feeling "slippery and wet" on both her and her dress after she fell. Terri's unwavering account reflects her own perception of the liquid

both during and after her fall. See *Caburnay*, 963 N.E.2d at 1028 (concluding that summary judgment was inappropriate when a plaintiff "unequivocally testified as to his sensory perceptions" about his foot getting caught in a mat); *Ishoo*, 966 N.E.2d at 1164 (finding that a plaintiff's consistent testimony about stepping on a liquid substance was sufficient to create a jury issue of whether she slipped in liquid).

Third parties provided additional corroboration for Terri's account. After seeing that Terri had fallen, one Bonefish Grill employee stated that she had told somebody to clean the spill up. The district court concluded that, as an agent of the defendant, the employee's statement was admissible for its truth and thus properly considered at summary judgment. See Fed R. Evid. 801(d)(1)(D); *Prude v. Meli*, 76 F.4th 648, 661 (7th Cir. 2023). Bonefish has not appealed that determination.

At the hospital, Louis also noticed that Terri's dress was wet. Together, these facts create a genuine issue of material fact as to whether Terri slipped in liquid at Bonefish Grill. See *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 721 N.E.2d 614, 622–23 (Ill. App. Ct. 1999) (holding that a plaintiff's testimony that she slipped, along with wetness on her dress and witness testimony about the wet floor, was sufficient to survive summary judgment).

Bonefish Grill sees the analysis differently, insisting that Terri speculated that she slipped in water only because she noticed a wet spot on her dress after falling. Speculation occurs when a plaintiff expresses uncertainty about or cannot identify why they fell. See, *e.g.*, *Kimbrough*, 416 N.E.2d at 330 (explaining that the plaintiff stated in her deposition that she had "no idea" what she may have fallen on); *Barker*, 634 N.E.2d at 1279 (holding that no genuine issue of material fact

existed where plaintiff fell on a grocery store floor that was ordinarily wet but presented no evidence that it was wet when she fell). In those cases, "the lack of an identifiable defect was the determinative factor." *Canzoneri v. Village of Franklin Park*, 513 N.E.2d 1103, 1107 (Ill. App. Ct. 1987). But that is not the situation here. Terri consistently and "specifically pointed to [the liquid] which she claimed caused her to fall," so her account roots itself in recalled sensory perception, not speculation. *Id.*

When viewing the record in the light most favorable to Terri, we see sufficient evidence to create a jury issue about whether liquid on Bonefish Grill's floor caused her to slip and injure herself. So we reverse on Terri's negligence claim.

C

The district court also granted summary judgment in favor of Bonefish Grill on Louis's loss of consortium claim since that claim depends on Terri's negligence claim. See *Blagg v. Ill. F.W.D. Truck & Equip. Co.*, 572 N.E.2d 920, 927 (Ill. 1991) Because Terri's claim can advance to trial, we also reverse on Louis's loss of consortium claim.

For these reasons, we REVERSE and REMAND for proceedings consistent with this opinion.